Ferguson et al. v. George's Executrix.

$\begin{matrix} 42 & 135 \\ 142 & 578 \end{matrix}$

# FERGUSON et al. vs. GEORGE'S EXECUTRIX.

[ACTION ON PROMISSORY NOTE BY TRANSFEREE AGAINST MAKER.]

1. *Variance between summons and complaint.*—Where, in the margin of the complaint, the name of one of the defendants is written E. H. P., while in the summons it is Eli H. F., this variance cannot be taken advantage of on error, when no objection was made in the court below, and the complaint contains a substantial cause of action.

APPEAL from the Circuit Court of Butler.

NOTE BY THE REPORTER.—The transcript does not disclose who was the presiding Judge.

THIS action was brought by Rufus K. George, as the transferee of a promissory note, and was commenced on the 8th of April, 1861. The death of the plaintiff having been suggested, the suit was renewed in the name of Desdamona George, his executrix. In the margin of the complaint, the title of the case is as follows : "Rufus K. George, plaintiff, vs. J. J. Ferguson, E. H. Pickens, D. J. Ferguson, defendants," and the summons is as follows : "You are commanded to summon Isaac J. Ferguson, Eli H. Ferguson, and Davies J. Ferguson," &c.; and in the judgment entry, they are thus described. Judgment was rendered by default at the spring term, 1863. The only error assigned was the variance between the summons and complaint.

HERBERT AND POWELL, for appellants.

RICE, SEMPLE & GOLDTHWAITE, *contra.*

A. J. WALKER, C. J.—The only specific matter of error imputed to the record is, that in the margin of the complaint, the name of one of the defendants is written E. H. Pickens, while in the summons it is Eli H. Ferguson. This variance between the summons and complaint, if

available anywhere, cannot be taken advantage of on error, when no objection was made in the court below. A variance between the writ and declaration, was a matter pleadable in abatement. The complaint contains a substantial cause of action, and that is enough on error. The question of the allowance and necessity of amendment does not arise here, but may be presented in the court below.

. Affirmed.