# Alabama Midland Railway Co. *v.* Thompson & Harrison.

*Action against Common Carrier for failure to deliver Freight.*

1. *Trial and its incidents; right of circuit court to try case without jury; construction of statute.*—The provisions of a statute providing for holding the circuit court of Henry county at Dothan and regulating the proceedings therein, that "whenever a civil cause is brought in said Dothan division of said circuit court it shall be tried by the judge thereof without the intervention of a jury, unless the plaintiff when he brings the suit demands in writing on the complaint, a jury," etc., (Acts of 1894-95, p. 98), has no reference to suits commenced in a justice of the peace court and removed by appeal into the said circuit court; and, therefore, in a civil suit commenced in a justice of the peace court and removed by appeal to the Dothan division of the circuit court of Henry county, said court is without authority in the the absence of a waiver to that end by the plaintiff, to try the cause without a jury, even though the defendant makes a motion therefor.

2. *Action against common carrier.*—In an action against a common carrier for failure to deliver barrels shipped over the defendant's railroad to the plaintiff, where the defendant pleads the general issue and by special plea sets up the delivery of the barrels at the station of their consignment, which was a flag station, after the plaintiff testifies that no barrels were put off on the day designated by the defendant, it is competent for him, upon being further examined as a witness, to answer the question as to whether he ever received the barrels shipped.

3. *Charge to the jury; properly refused when giving undue prominence to a single fact.*—Charges requested by a party to a suit, which give undue prominence to a single fact, are properly refused.

[Alabama Midland Railway Co. v. Thompson & Harrison.]

4. *Same; when general affirmative charge properly refused.*—On the trial of a civil case, where the evidence for the plaintiff and the defendant is in direct conflict, the general affirmative charge requested by either party is properly refused.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellees, Thompson & Harrison, against the Alabama Midland Railway Company, a common carrier, to recover damages from the defendant's failure to deliver freight according to the terms of a contract of shipment. The material facts of the case are sufficiently shown in the opinion.

When the case was called for trial and before the parties announced ready, the defendant moved the court to try the cause without a jury, and in support of said motion proved to the court that said cause was originally commenced in a court of a justice of the peace in the precinct in which was the Dothan division of the circuit court of Henry county. This motion was overruled, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that the way bill issued by the defendant company with the endorsements made on it by the witness Stewart is in evidence in this issue, and the jury may look to it and consider the same in determining whether or not the defendant delivered said barrels at Pansey, together with the other evidence in the case." (2.) "If the jury believe the evidence in this cause, they will find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $27.52. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

A. A. WILEY and ESPY, FARMER & ESPY, for appellant, cited *Garnett v. Garnett,* 27 Ala. 687.

R. D. CRAWFORD, *contra.*

HARALSON, J.—There·was no error in overruling the defenant's motion, that the court try the cause without a jury. The case originated in the justice's court of precinct No. 3, Henry county, Ala. The ·circuit court was without authority, in the absence of a waiver to that end by the plaintiffs, to try the cause without a jury. The act referred to by defendant,—as giving it a right to a trial without a jury,—provides for holding the circuit court of Henry county at Dothan, and prescribes the jurisdiction thereof, and regulates the proceedings therein.—Acts, 1894-95, p. 98. Its eighth section provides, "That whenever a civil cause is brought in said Dothan Division of said circuit court, it shall be tried by the judge thereof without the intervention of a jury, unless the plaintiff when he brings the suit demands in writing on the complaint a jury," etc. This section has no reference to suits commenced in a justice's court and removed, as this one was, by appeal into the circuit court.

The case was tried in the circuit court, on appeal on a complaint filed therein, claiming the sum of $25, damages for the breach of a contract by which the defendant received of the Oak City Cooperage Company, at Bainbridge, Ga., on, to-wit, July 3, 1899, certain barrels which it agreed to deliver to plaintiffs at Pansey, Ala., for a consideration, but which it failed to deliver to plaintiffs at that point.

The pleas were the general issue, and a second special plea, setting up, in substance, that at the time of the issuance of its bill of lading and ever since, Pansey, Ala., was and has been a flag station on defendant's line of railroad, and defendant did not have at that time, nor since, any agent or depot at said flag station of Pansey, and avers that it delivered the barrels at said flag station, at Pansey, Ala., on the 4th July, 1899, by taking same from the car in which they were hauled and placing them on a small platform, or in a small house at its station· place at Pansey, making a complete delivery of the same at Pansey, the destination of said barrels.

Thompson, testifying that he was one of the plaintiff

[Alabama Midland Railway Co. v. Thompson & Harrison.]

firm, stated that Pansey was a flag station, to which, when freight was consigned, the charges were always prepaid by the consignor; that there was a small house or depot there, with a platform around it and defendant usually delivered freight on the platform, and that there was no agent at Pansey and had never been. He also stated that no barrels were put off there that day by the defendant. He was asked by counsel: "Did you ever receive these barrels?" to which question defendant objected as calling for illegal and immaterial evidence. The objection was well overruled by the court. If he had received them, the evidence was certainly relevant, and while, if he had not received them, it might not have been conclusive that they had not been delivered, it was proper evidence to be considered by the jury for what it was worth, in connection with all the other evidence, as tending to show that the freight had never been delivered at said station.

The evidence for the plaintiffs and the defendant was in direct conflict,—that for the plaintiffs, that the barrels were never put off the train and delivered at said station, and that for the defendant, that they had been delivered on the platform at said station.

There was no reversible error in the refusal of the court to give charge 1 requested by defendant. It singles out, and give undue prominence to a single fact, and is argumentative.

The evidence being in conflict, the general charge, numbered 2, requested by defendant, was properly refused.

Affirmed.