# Ensley Mercantile Co. *v.* Otwell.

*Action for Alleged Negligent Killing of Horse.*

1. *Contributory negligence; not shown by merely violation of law.* It is not contributory negligence *per se* for a person who is injured to be engaged at the time of the injury in a violation of law; but before an illegal act or omission can be held to be contributory negligence, it must appear that such act or omission was a proximate cause of the injury.

2. *Pleading and practice; variance cannot be raised first time on appeal.*—A question of variance between the allegations of a complaint and the testimony introduced at the trial of a case cannot be raised for the first time on appeal.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHARLES A. SENN.

This action was brought by the appellee, J. A. Otwell, against the appellant, the Ensley Mercantile Company, a corporation, and sought to recover damages for the alleged negligent killing by the defendant, through its agent, of a mare that was owned by the plaintiff. The defendant pleaded the general issue, and by special pleas set up the contributory negligence on the part of plaintiff.

It was shown by the evidence that the plaintiff's mare which was killed was running at large in the streets of the city of Ensley; that the delivery wagon of the Ensley Mercantile Co. was being driven down one of the streets, which ran at right angles with the street on which plaintiff's mare was loose; that said wagon turned

the corner and the wagon ran into the plaintiff's mare, causing the injuries from which she died; that there was a driver in the wagon at the time of the accident. It was also shown that there was an ordinance of the city of Ensley, prohibiting horses or other animals from running at large on the streets of Ensley.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court made a special finding, the substance of which is stated in the opinion. Upon this finding the court rendered judgment in favor of the plaintiff.

The defendant appeals and assigns as error the rendition of the judgment in favor of the plaintiff.

ROMAINE BOYD, for appellant.—The plaintiff was guilty of contributory negligence.—*A. G. S. R. R. Co. v. Arnold,* 80 Ala. 600; *A. G. S. R. R. Co. v. Dobbs,* 101 Ala. 220. In order to recover plaintiff must show that defendant was guilty of negligence after discovering the danger. *Ga. Pac. R. R. Co. v. Lee,* 92 Ala. 271; *Tanners Exrs. v. L. & N. R. R Co. v. Brown,* 121 Ala. 221; *Cent. of Ga. v. Lamb,* 124 Ala. 172; *M & C. R. R. Co., v. Martin,* 30 So. Rep.

MCKENZIE & JONES, *contra.*

HARALSON, J.—The question in this case is one of repeated discussion in this and other courts.

The court, trying the case without a jury, found that the plaintiff allowed his mare to run at large on the streets of the city on the occasion she was injured and killed; that defendant was not guilty of any negligence after discovering plaintiff's mare in the street; that the defendant company was guilty of negligence in driving as it did just previous to discovering the mare; that this negligence was the proximate cause of the injury; that the defendant was guilty of negligence in not discovering the mare before he did, and this negligence was the proximate cause of the injury.

This was in effect holding, as was proper, that contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury.—7 Am. & Eng. Ency. Law, (2nd ed.), 373.

[Ensley Mercantile Co. v. Otwell.]

"It is not contributory negligence *per se* for the injured person, at the time of the injury, to be engaged in a violation of law, either positive or negative in its character. Before an illegal act or omission can be held contributory negligence, it must appear that such act or omission was a proximate cause of the injury. It is usually held that the mere collateral wrong doing of the plaintiff cannot of itself bar him of his action when it did not proximately contribute to the injury."—7 Am. & Eng. Ency. Law, (2nd ed.), 401.

In *A. G. S. R. R. Co. v. McAlpine,* 71 Ala. 549, where it was insisted that the plaintiff was guilty of an unlawful act in suffering his stock to run at large, and that this debarred his right of recovery, it was said: "The rule, however, is, that 'to deprive a party of redress because of his own *illegal* conduct, the illegality must have *contributed to the injury.'*—Cooley on Torts, 155. The fact of illegality here renders the act of permitting the stock to run at large neither more nor less *contributory* to the injury, or *proximate* as a cause of it. Wharton on Negligence, §§ 995, 331. The relation of the act to the injury complained of would be precisely the same, whether it was legal or illegal. It would have no more tendency to produce the injury in the one case than in the other. This is the better and sounder rule recognized in the case of injuries or accidents happening in the violation of Sunday laws."—*A. G. S. R. Co. v. Powers,* 73 Ala. 245; *S. & N. A. R. Co. v. Williams,* 65 Ala. 74.

In *L. & N. R. Co. v. Kelsey,* 89 Ala. 290, a case where a horse escaped from the car in which he was being transported, ran several miles along the public road until it intersected the railroad track, and up the latter track for nearly a mile, when it was overtaken by another train of cars, was run over and killed,—it was said: "However the horse came to be at large, the mere fact that he was allowed to go at large, was not the direct, moving and proximate cause of his death, and the fact of negligence *vel non* in allowing him to be at large, is one with which the jury has no concern, since no determination of that issue, could have defeated a recovery on the one hand, or increased plaintiff's damages on the other."

The complaint alleged the place of the injury to have been "upon a certain public highway in the village of Averyts, in the said county of Jefferson." Mrs. Otwell described the place of the accident, as being near her husband's store on Avenue J, in Averyt's Town or in Ensley."

The driver of the wagon that killed the mare, testified that as he was driving down Avenue J, which lies at right angles to 19th street in the city of Ensley, Alabama, and as he turned the corner of Avenue J. into 19th street, he looked ahead and saw the plaintiff's mare for the first time, standing in the middle of the street. Whether Averyts referred to in the complaint was not a part of Ensley, was a question for the court trying the case without a jury. It was clearly a matter of inference, that Averyts was a well known part of Ensley. Furthermore, no question of variance between the allegation and proof was raised in the court below, and it cannot be entertained for the first time on appeal.—22 Ency. Pl. & Pr. 8, 24; *Furguson v. George*, 42 Ala. 135; *McAbee v. Parker*, 78 Ala. 575; *Fears v. Thompson*, 82 Ala. 294.

Under the evidence in the cause, the court very properly rendered a judgment for the plaintiff.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.