# Woodward Iron Co. *v.* Keller.

### Assumpsit.

(Decided April 5, 1917. 74 South. 933.)

1. **Courts; Jurisdiction; Amount Involved.**—Code 1907, section 5355, providing that the judgment must be set aside and suit dismissed where plaintiff recovers an amount below the court's jurisdiction, except in certain cases, applies to contract, but not to tort actions.

2. **Courts; Jurisdiction; Amount Involved.**—A $40 judgment for failure to furnish medical attention pursuant to a contract of employment secured in the Bessemer city court should be set aside and suit dismissed under Code 1907, section 5355, requiring such action, with certain exceptions, where plaintiff recovers less than the court's jurisdictional amount.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Assumpsit by J. G. Keller against the Woodward Iron Company. Judgment for plaintiff for less than the jurisdictional amount and defendant appeals. Reversed and rendered.

Transferred from the Court of Appeals under Acts 1911, p. 450.

WHITTAKER & NESBITT for appellant. GOODWYN & ROSS for appellee.

ANDERSON, C. J.— (1, 2) Section 5355 of the Code of 1907 plainly provides for setting aside the judgment and dismissing the cause where the suit is for a moneyed demand for an amount within the jurisdiction of the court if the judgment rendered is below the jurisdiction of the court, unless the amount was reduced by set-off successfully pleaded or unless the plaintiff makes the prescribed affidavit. This statute applies to all actions ex contractu, but not to torts.—*First National Bank of Gadsden v. Pinson,* 105 Ala. 588, 17 South. 182, and cases there cited; *Smith v. Allen,* 142 Ala. 148, 37 South. 933. The present action is ex contractu, and the trial court erred in not setting aside the judgment and dismissing the suit. The case of *Sharpe v. Bareny,* 114 Ala. 361, 21 South. 490, relied upon by appellee, was a tort action.

The judgment of the city court is reversed, and one is here rendered setting aside the judgment and dismissing the cause. Reversed and rendered.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.