(94 South. 551)

## LOUISVILLE & N. R. CO. v. WATSON.
## (6 Div. 717.)

(Supreme Court of Alabama.   Oct. 26, 1922.)

**1. Railroads ⬅439(1)—Complaint for killing animal held sufficient.**

A complaint stating that plaintiff claimed of defendant a stated sum. as damages for that defendant was engaged in the operation of a railroad in a stated county, and on a stated date within the county defendant's agent or servant, while acting within the line and scope of his employment, negligently ran one of its trains into, over, or against a dog, the property of the plaintiff, and as a proximate consequence thereof the dog died, is sufficient.

**2. Railroads ⬅441(2) — Burden of proving care on company killing dog.**

When plaintiff showed that his dog was killed by defendant's train, the burden was placed on defendant by Code 1907, § 5476, to show that the killing was not negligently done.

**3. Railroads ⬅446(1)—Negligence in killing dog held for jury.**

Evidence that plaintiff's dogs were hunting a fox at nighttime in the vicinity of defendant's railroad when plaintiff heard a train pass by, and that thereafter one of his dogs was found dead on the track under circumstances indicating it had been killed by the train, does not show as a matter of law that the railroad company was not negligent in killing the dog.

**4. Trial ⬅260(1)—Requested charges covered by given charge are properly refused.**

Charges requested by defendant were properly refused where they were covered by the given charge.

**5. Courts ⬅121(6)—Statute requiring dismissal on recovery of less than jurisdictional amount does not apply to tort actions.**

Code 1907, § 5355, providing that the judgment must be set aside and suit dismissed where the plaintiff recovers an amount below the court's jurisdiction, applies only to money demands and to suits ex contractu, and not to actions in tort.

**6. Railroads ⬅405—Liability for killing dog not same as street railroad's liability.**

A requested charge that the law governing the liability of a street railway company for killing a dog and that governing a railroad company's liability is the same does not state a correct proposition of law.

**7. Trial ⬅228(1)—Requested charge liability of railroad was same as that of street railroad is improper in form.**

A requested charge that the rule of law governing the liability of a street railway company for killing a dog and the rule that governs a railroad company's liability for killing a dog is the same is absolutely improper in form.

**8. Trial ⬅252(7)—Requested charges as to operation of train which killed plaintiff's dog held abstract.**

In an action for the killing of plaintiff's dog by a train, where there was no evidence that the engineer did not blow the whistle or ring the bell at the time the dog was killed, nor any tending to show whether the circumstances required such warning to be given, nor was there any evidence that the dog came suddenly on the track in the dark in front of defendant's train, requested charges as to the duty to ring the bell and blow the whistle, and denying recovery if the jury found the dog came suddenly on the track in front of the train, were abstract, and were properly refused.

**9. Trial ⬅228(1) — Requested charge referring to liability for killing stock without stating rule is bad in form. ·**

A requested charge that railroad employees were not required to use the high degree of care toward plaintiff's dog they would toward persons or stock without stating the rule as to that degree of care was bad in form, and properly refused.

**10. Animals ⬅44—Nonpayment of license tax no defense to action for negligent killing of dog.**

The nonpayment of the license tax on plaintiff's dog was no defense to an action for the negligent killing of the dog by a train.

**11. Trial ⬅244(4) — Requested charge held bad for singling out particular facts.**

A requested charge that the jury had a right to take into consideration a dog's well-known agility in avoiding injury, its superior instinct, and the fact the night was dark in determining whether railroad employees were negligent was bad as singling out particular facts for the jury to consider on the issue of negligence.

**12. Damages ⬅174(2)—Qualities of dog killed can be shown to establish value.**

In an action for the negligent killing of plaintiff's dog, it was proper for plaintiff to show its qualities as a basis for valuation, as that he was a fast dog, and had a good mouth for a fox dog.

**13. Evidence ⬅543(4)—Witnesses as to value of fox hound can qualify by showing they had hunted foxes.**

In an action for the killing of a fox hound, witnesses who testified to the qualities and value of the dog were properly permitted to qualify by showing they had been fox hunters, and had owned or observed fox dogs and their actions for 25 or 40 years.

**14. Evidence ⬅471(11) — Question whether witness knew anything to prevent hound from escaping from track calls for conclusion.**

In an action for the negligent killing of plaintiff's fox hound by a railroad train, a cross-examination of plaintiff's witnesses, who had testified the dog was fast and very active, as to whether they knew anything that would keep the dog from getting off of a railroad track if a train was coming, or whether he knew danger when he saw it, was objectionable as calling for mere opinions of the witnesses as to which the basis for judgment was already before the jury.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**15. Appeal and error ⬤⟹1060(1)—Remarks of plaintiff's counsel as to objections by defendant's counsel held not prejudicial.**

In an action for the negligent killing of plaintiff's dog by defendant's train, remarks by plaintiff's counsel during the course of the trial with reference to the frequent objections of defendant's counsel *held* not so prejudicial as to require a reversal, though subject to criticism from the standpoint of professional etiquette.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by M. L. Watson against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appealed to the Court of Appeals, from which the cause was transferred to the Supreme Court under Acts 1911, p. 450, § 6. Affirmed.

The complaint is as follows:

"The plaintiff claims of the defendant the sum of $100 damages, for that heretofore, on, to wit, November 2, 1920, the defendant was engaged in the operation of a railroad in Jefferson county, Ala., and the plaintiff says that on the date aforesaid, at or near Parkwood, in Jefferson county, Ala., the defendant's agent or servant, while acting within the line and scope of his employment, negligently ran one of its trains into, over, or against a dog, the property of the plaintiff, and as a proximate consequence thereof the dog died."

Demurrer being overruled, the cause was tried on the general issue.

The evidence showed that plaintiff was fox hunting with five of his hounds on November 2, 1920, on a moonlight night, and that his dogs were running easterly towards defendant's railroad track, which ran north and south. The dog in question was found early next morning near the track, and the indications were clear that he had been run over by a passing train. Plaintiff was some distance behind the dog, but heard them baying as they approached the track, and heard a train passing at the same time.

The evidence tended to show that the dog was reasonably worth from $50 to $75.

Defendant offered no evidence, and there was no testimony which tended to show the circumstances of the dog's presence on the track, or the manner of his killing, except as stated above, and that three feet and part of his head were cut off by the wheels.

Besides the general affirmative charge, the following charges were requested by defendant and duly refused:

"(1) If you believe the evidence in this case you cannot find for the plaintiff.

"(2) If you believe the evidence in this cause you must find for the defendant.

"(3) The same high degree of care required of the operatives of a train to prevent injury to persons or stock is not required to be exercised towards dogs.

"(4) Unless you find the reasonable market value of the dog in question to be in excess of $50, then you must find for the defendant.

"(5) The rule of law governing the liability of a street railway company for killing a dog and the rule of law that governs a railroad company's liability for killing a dog is the same.

"(6) There was no duty on the defendant's engine men to blow the whistle or ring the bell on the occasion of the killing of plaintiff's dog.

"(7) The court charges that, if you are reasonably satisfied from the evidence that the dog in question tried to pass under the train while in motion, and was killed as a proximate consequence thereof, your verdict should be for the defendant.

"(8) If you believe from the evidence that plaintiff's dog come suddenly on the track, in the dark, in front of defendant's train, so that by the exercise of reasonable diligence they could not avoid injuring it, then you cannot find for the plaintiff.

"(9) Defendant's agents or servants in charge of the train on the occasion complained of were not required to use the high degree of care they would towards persons or stock.

"(10) If you find from the evidence in this case that the tax had not been paid on the dog in question, then you cannot find for the plaintiff.

"(11) If you find from the evidence that plaintiff's dog came suddenly upon defendant's track in close proximity to defendant's train, and as a proximate result thereof was struck or run over by said train, and killed, then you must find for the defendant.

"(12) You have a right to take into consideration a dog's well-known agility in avoiding injury, its superior instinct, and the fact that the night was dark in determining whether defendant's agents in charge of its train were negligent on the occasion complained of."

The points of evidence embraced in the assignments of error are sufficiently stated in the opinion.

There was a verdict for $50 damages, and judgment accordingly.

Defendant's motion for new trial was overruled, and defendant appeals.

Huey & Welch, of Bessemer, for appellant.

The same decree of care required of the operatives of a train to prevent injury to persons or stock is not required to prevent injury to dogs. 195 Ala. 290, 70 South. 162; 205 Ala. 550, 88 South. 661; 81 South. 852; 200 Ala. 600, 76 South. 958. If the dog was killed while trying to pass under the moving train, or as the result of coming suddenly on the track in the dark, no liability could be imposed upon defendant. 129 Ala. 457, 29 South. 594; 126 Ala. 365, 28 South. 411; 119 Ala. 606, 24 South. 892; 143 Ala. 149, 42 South. 108; 119 Ala. 611, 24 South. 373. The agility and intelligence of the dog, and his ability to appreciate and escape from danger of a moving train, were involved in this case, and evidence to that end should have been permitted by defendant. 195 Ala. 290, 70

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 162; 205 Ala. 550, 88 South. 661; 81, South. 852. The value of the dog was, under the law, required to be fixed as of the date of his killing. 48 South. 348; 152 Ala. 590, 44 South. 869; 112 Ala. 624, 20 South. 918; 107 Ala. 300, 19 South. 966, 54 Am. St. Rep. 93; 206 Ala. 432, 90 South. 605; 22 C. J. 182; 136 Ala. 499, 34 South. 836.

Goodwyn & Ross, of Bessemer, for appellee.

Where animals are killed by a train upon a straight track, the affirmative charge for defendant is properly refused. 131 Ala. 671, 31 South. 21. Charge 5, refused to defendant, was defective. 59 South. 169. The fact that taxes had not been paid on the dog does not affect a railroad's liability for negligently or wrongfully killing the same. 2 Ala. App. 537, 56 South. 601; 142 Ala. 575, 38 South. 839, 4 Ann. Cas. 512. The burden of proof placed upon the railroad by the statute is the same as applied to dogs as to other animals. Code 1907, § 5476; 61 South. 881; 194 Ala. 368, 70 South. 132.

SOMERVILLE, J. [1] The complaint in this case is clearly not subject to demurrer. So. R. Co. v. Hobbs, 151 Ala. 335, 43 South. 844; Gordon v. T. C. I. & R. Co., 164 Ala. 203, 51 South. 316.

[2] When plaintiff showed that his dog was killed by defendant's train, the burden was then placed on defendant to show that the killing was not negligently done. Code, § 5476; L. & N. R. Co. v. Fitzpatrick, 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64; A. G. S. R. Co. v. Wedgworth (2 Div. 803 Ala. Sup.) 94 South. 549.[1] See, also; the opinion of Walker, P. J., in Selma St. & Sub. R. Co. v. Martin, 2 Ala. App. 537, 56 South. 601, the reasoning of which to that conclusion we fully approve. Those decisions show that dogs are "property," and are included in that term as used in the statute fixing the burden of proof.

The trial judge properly instructed the jury as to the burden of proof under the statute (Code, § 5476), and as to the principles which govern in determining liability for the negligent killing of dogs. Ala. City, etc., R. Co. v. Lumpkin, 195 Ala. 290, 70 South. 162; Tenn., etc., Co. v. Daniel, 200 Ala. 600, 76 South. 958; Hines v. Schrimscher, 205 Ala. 550, 88 South. 661.

[3] It cannot be affirmed as a matter of law, that the evidence showed that defendant was not guilty of negligence in killing the dog, however plausible the argument may be in support of that conclusion. The general affirmative charge for defendant was therefore properly refused.

[4] Refused charges 3 and 9 were covered by given charge 2.

[5] Charge 4 was properly refused, since section 5355 of the Code, providing that the judgment must be set aside and suit dismissed where the plaintiff recovers an amount below the court's jurisdiction, applies only to monied demands and to suits ex contractu, and not to actions in tort. Woodward Iron Co. v. Keller, 199 Ala. 432, 74 South. 933; Sharpe v. Barney, 114 Ala. 361, 21 South. 490.

[6,7] Refused charge 5 does not state a correct proposition of law. Appel v. Selma St. & Sub. R. Co., 177 Ala. 457, 59 South. 164. Moreover, an instruction in that form is absolutely improper.

[8] There was no evidence tending to show that the engineer did not blow the whistle or ring the bell at the time the dog was killed, nor was there any evidence tending to show that the circumstances did or did not require such a warning to be given. Refused charge 6 was therefore. abstract, and its refusal was not error.

Refused charge 7 was substantially covered by given charge 1.

There was nothing in the evidence which tended to show that the dog "came suddenly on the track, in the dark, in front of defendant's train." Whether or not he did so could be only a matter of pure conjecture; and a hypothesis of fact which is conjectural merely cannot support a request for an instruction thereon. Refused charge 8 was abstract, and for that reason properly refused.

The same criticism is applicable also to refused charge 11.

[9] Refused charge 9 was fairly covered by given charge 2. It is however, bad in form, no explanation being given as to the degree of care required to avoid injuring persons or stock; and, the latter question not being involved in the case, such an instruction would, even so, have been abstract.

[10] There was no evidence tending to show that plaintiff had not paid the license tax on the dog, and that matter was not in issue. But, in any event, the nonpayment of the tax was no defense to the action. A. C. S. R. Co. v. Wedgworth, supra.

[11] Refused charge 12 is bad for the reason that it singles out particular facts for the jury to "take into consideration" on the issue of negligence. Stone v. State, 105 Ala. 60, 17 South. 114; Ala. Midland Ry. Co. v. Thompson, 134 Ala. 232, 32 South. 672.

[12] It was proper for plaintiff to show the qualities of the dog as a basis for valuation, as that he was a fast dog, and had a good mouth for a fox dog.

[13] It was proper, also, the dog being a fox hound trained to hunt foxes, to qualify the witnesses who testified to the qualities and value of the dog by showing that they had been fox hunters, and had owned or observed fox dogs and their action for 25 or 40 years.

[14] One of plaintiff's witnesses testified on cross-examination that the dog was fast, and very active, quick in his motions, with no impediment in his operation, and that he

---

[1] Post, p. 514.

208 ALA.—21

"knew of nothing that would keep him from getting out of the way of a wagon, or automobile, or anything of that kind." Defendant's counsel asked him further:

"Do you know of anything that would keep him from getting off of a railroad track if a train was coming?"

This called for a mere opinion of the witness, as to which the basis for judgment was already before the jury. The question was properly excluded.

The same question, substantially, was propounded to another witness, and, for the reason stated, it also was properly excluded. A question to the same witness, "He was a dog that in your opinion knew danger when he saw it, didn't he?" was objectionable for the same reason, viz. that it called for the purely speculative opinion of the witness.

We have examined each of the rulings on evidence, as presented ,by the assignments of error, and find nothing which would justify a reversal of the judgment.

[15] Appellant complains insistently of certain remarks made by counsel for plaintiff in connection with appellant's objections to evidence, the tenor of the remarks being that counsel were indifferent to appellant's objections, and were willing for appellant to have any sort of exceptions desired. Complaint is made also of the comment of plaintiff's counsel upon the "voluminous objections of defendant's attorney," in the hearing of the jury. It may be that some of those remarks are subject to criticism, and should not have been indulged in, viewing them from the standpoint of professional etiquette. But the regulation of such matters must, in general, be left to the trial court, and, except, perhaps, in extraordinary cases, the mere badinage of counsel during the trial of a cause will not be held as prejudicial in such degree as to warrant the reversal of the judgment.

, We can discern no such prejudice here, and we do not think the remarks complained of can justify such action in this case.

For the reason already stated, we think that none of the grounds urged in the motion for a new trial are well taken, and that the motion was overruled without error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

⬅⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes