(104 So. 222)

**ALABAMA GREAT SOUTHERN R. CO. v. SHEFFIELD. (7 Div. 556.)**

(Supreme Court of Alabama. April 16, 1925.)

**I. Animals ☞84—Owner of dog known to kill live stock cannot recover for its killing.**

Code 1923, § 6072, prohibiting keeping of dog known to kill sheep or other live stock, and granting immunity to any person who kills it, destroys all property right in such a dog, and where vicious qualities of dog were known, owner cannot recover for its killing, whether done negligently or intentionally.

**2. Animals ☞85—Plea alleging dog was killer of stock need not allege plaintiff's knowledge.**

In action against railroad for killing dog, plea based on Code 1923, § 6072, alleging that dog had been known to kill or worry sheep or other live stock, need not aver plaintiff's knowledge of such fact.

**3. Railroads ☞424—Owner owes no duty to keep dog off railroad track.**

An owner of a dog owes no general duty to keep his dog off railroad track, and permitting it to go on track is ordinarily not negligence.

**4. Appeal and error ☞1040(6)—Railroads ☞439(8)—Pleas of contributory negligence of owner in failing to keep dog off railroad track too general, and sustaining of demurrer harmless.**

In action against railroad for death of dog, defendant's pleas of contributory negligence, proceeding on idea that it was duty of owner to exercise diligence to keep dog off track to avoid danger from passing trains, *held* too general, and even if sufficient, no injury resulted from sustaining of demurrer, where uncontradicted evidence showed that owner was not within call of dogs and had no knowledge of their presence on track.

**5. Trial ☞295(1)—Extracts from oral charge do not make it erroneous where charge correct as a whole.**

Court's oral charge which, when taken as a whole, clearly stated the law cannot be complained of because isolated extracts standing alone may have been misleading.

**6. Trial ☞260(3)—Requested instructions covered by oral charge properly refused.**

Special instructions as to opinion evidence, covered by court's oral charge, were properly refused.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Damages** ⚫►174(2)—**Evidence tending to show market value of dogs competent.**

In action for death of dogs killed by railroad train, evidence touching kind of dogs, their training, whether registered or subject to registration, and any matter going to fix their market value was competent.

**8. Damages** ⚫►174(2)—**Evidence as to effect on market value of fox hounds of rabbit hunting in daytime properly admitted.**

In action for death of dogs killed by railroad train, where it was shown that owner had been out hunting rabbits with dogs on morning before one was killed, evidence as to whether hunting rabbits in daytime with fox hounds affects their market value was properly admitted.

**9. Evidence** ⚫►543(4)—**One having knowledge of value of dogs, but no personal knowledge of particular dog, may give judgment as to value.**

In action against railroad for death of dogs, one having knowledge of value of dogs of class may give his judgment on their value upon their being described to him, though he has no personal knowledge of dogs in question.

**10. Evidence** ⚫►506—**Question, "What was the dog worth?" not erroneous, where market value in mind.**

In action against railroad for death of dogs, question, "What was the dog worth?" was not erroneous, when context and answer showed market value was in mind.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by J. P. Sheffield against the Alabama Great Southern Railroad Company for killing dogs. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

See, also, 211 Ala. 250, 100 So. 125.

Goodhue & Lusk, of Gadsden, for appellant.

It was error to sustain demurrer to plea 13. Code 1923, § 6072; Kershaw v. McKown, 12 Ala. App. 485, 68 So. 559; Parker v. Mise, 27 Ala. 480, 62 Am. Dec. 776; 3 C. J. 154; 1 R. C. L. 1128; Milman v. Shockley, 1 Houst. (Del.) 444; Barret v. Utley, 12 Bush (Ky.) 399; Carpenter v. Lippitt, 77 Mo. 242; Miller v. Spaulding, 41 Wis. 221.

Conley Merchant, of Birmingham, for appellee.

A dog is property, and neither the unlawful status of the dog, nor the unlawful conduct of the owner, bars the owner's right of action for its negligent killing, where such unlawful status or conduct bears no relation to the injury complained of. A. G. S. v. Wedgworth, 208 Ala. 514, 94 So. 549; L. & N. v. Watson, 208 Ala. 319, 94 So. 551; Ensley Mer. Co. v.

Otwell, 142 Ala. 575, 38 So. 839, 4 Ann. Cas. 512; Code 1923, § 6072.

BOULDIN, J. The suit is to recover damages for the alleged negligent killing of plaintiff's dogs. The complaint, in separate counts, seeks recovery for negligently running trains over two dogs at different times. After reversal on former appeal (211 Ala. 250, 100 So. 125), the defendant filed several special pleas to which demurrers were sustained.

[1] No. 13 pleads in bar of the action that "said dog had been known to kill or worry sheep or other live stock without being set upon the same." This plea is based upon Code of 1923, § 6072 (2832), which reads:

"Dogs killing stock, and killing the dogs. No person must keep any dog which has been known to kill or worry sheep, or other stock, without being set upon the same; and any person knowingly keeping such dog is liable for double the value of all stock killed or injured by such dog, to be recovered by the owner of such stock before any court of competent jurisdiction; and no action shall be maintained against any one for killing such dog."

This statute dates from 1854, but does not appear to have been directly construed by this court.

Some kindred statutes have been considered. In A. G. S. R. Co. v. Wedgworth, 208 Ala. 514, 94 So. 549, a similar defense was raised under the dog law of 1919 (Acts 1919, p. 1077). That statute required dogs to be registered, tagged, and muzzled, and made it the duty of certain officers to kill dogs found running at large in violation of the law. The defense went upon the ground that the act outlawed all dogs kept in violation of the law. This court took the view that the statute should not be so construed as to destroy all property right in the dog and warrant its killing by any and all persons. It was further declared the violation of that statute by the owner was no defense to an action for negligent killing, where neither the unlawful conduct of the owner, nor the unlawful status of the dog, bore any relation to the injury complained of.—Citing Ensley Merc. Co. v. Otwell, 142 Ala. 575, 38 So. 839, 4 Ann. Cas. 512, a case of live stock running at large in a stock-law district.

This court has also considered cases involving the killing of a dog while in act of injuring live stock or domestic fowls. These cases involve justification in the protection of one's property. Coleman v. Minor, 17 Ala. App. 103, 82 So. 42; Ex parte Minor, 203 Ala. 481, 83 So. 475, 10 A. L. R. 687; Kershaw v. McKown, 196 Ala. 123, 72 So. 47. In this class of cases the knowledge of the owner of the vicious propensities of the dog may be immaterial.

Another kindred statute makes it a mis-

demeanor for the owner of a dog known to worry or kill sheep, domestic fowls, or goats, to suffer it to run at large. Code 1923, § 3219 (6236). Here knowledge or notice on the part of the owner is a material inquiry. Coleman v. Minor, supra.

Section 6072 of the Code of 1923, first above quoted, goes beyond any of these statutes, in that it expressly declares "no action shall be maintained against any one for killing such dog." At the time of the passage of this act the dog was considered property in such sense as to support an action for its wrongful killing. Parker v. Mise, 27 Ala. 480, 62 Am. Dec. 776.

This case arose contemporaneously with the passage of the statute before us. It was there said, arguendo:

"It may be allowable to prove, as a justification for killing a dog, that the dog was a nuisance to the community, and was permitted to go at large."

We think this statute, prohibiting the keeping or ownership of such dog, and expressly granting immunity to any person who kills it, so outlaws the dog as a common nuisance as to destroy all property right therein. 3 C. J. p. 157. In such case, the plaintiff can suffer no injury to his property rights by the killing of the dog, whether done negligently or intentionally. The doctrine of relation between the killing and the status of the property announced in Ensley Merc. Co. v. Otwell, 142 Ala. 575, 38 So. 839, 4 Ann. Cas. 512, has no application. The statute is aimed at the class commonly called the "sheep killing" dog, and dogs of like character in killing or worrying other live stock. The penal clause of the statute is directed to the owner who "knowingly" keeps such dog, but the outlawry of the dog is because of its own vicious qualities. "Known to kill," etc., in the first clause of the statute, means known as a fact, not mere repute. On proof of such fact, the owner cannot recover for the killing of the dog under any circumstances.

[2] It was not necessary to aver knowledge on the part of the plaintiff. The demurrer to plea 13 was improperly sustained. Hayes v. Miller, 150 Ala. 621, 43 So. 818, 11 L. R. A. (N. S.) 748, 124 Am. St. Rep. 93.

The defendant interposed pleas of contributory negligence, to which demurrers were sustained. Plea No. 5 may be taken as a fair sample of all. This plea avers:

"That said plaintiff negligently permitted said dog to go on or near to defendant's railroad at a place and at a time and under circumstances whereby he knew that said dog would probably or likely be injured or killed by the approach of a train on said railroad and under such circumstances that he could have, by the exercise of reasonable diligence, caused said dog to be extricated from danger from such approaching train."

213 Ala.—2

[3] The owner owes no general duty to keep his dog off a railroad track. Permitting it to go on the track is ordinarily not negligence.

[4] In Central of Ga. Ry. Co. v. Martin, 150 Ala. 388, 43 So. 563, it was held plaintiff's being a trespasser on the track, accompanied by his dog, was not contributory negligence. If the plea here means to assert that the dog was known by plaintiff to be on the track when a train was seen approaching so near as to put the dog in apparent danger, and plaintiff failed to exercise reasonable care to recall the dog from the danger, the averments are too general and inapt for the purpose. It proceeds on the idea that the plaintiff was due to exercise diligence in keeping the dog off the track to avoid danger from passing trains. Under our decisions, the pleas were subject to the demurrer. A. G. S. R. R. Co. v. Smith, 209 Ala. 301, 96 So. 239; A. G. S. R. R. Co. v. McDaniel, 192 Ala. 639, 69 So. 60; Ala. City, G. & A. Ry. Co. v. Lumpkin, 195 Ala. 290, 70 So. 162.

The evidence, without conflict, showed plaintiff was not present or within call of the dogs, or either of them, and had no knowledge of their presence on the track. So if any of these pleas should have been held sufficient, it does not appear probable injury resulted to defendant.

The court below correctly placed the burden of proof in his oral charge. L. & N. R. R. Co. v. Watson, 208 Ala. 319, 94 So. 551.

[5] The isolated extract from the oral charge excepted to, standing alone, may have been misleading as to the burden of proof in showing the dogs were killed by defendant's trains, but taken with the entire charge, the proposition is made clear. Out of apparent caution, the judge later in the charge instructed the jury:

"It is not enough these dogs were killed on the track, if another came and killed the dogs, the defendant would not be responsible."

[6, 7] The court in his oral charge fully stated the rules governing opinion evidence of the value of the dogs. Lowe v. Reed, 207 Ala. 278, 92 So. 467. There was no error in refusal of special instructions to like effect. Evidence touching the kind of dogs, their training, whether registered, or subject to registration, and any matter going to fix the market value of the dogs was competent. L. & N. R. R. Co. v. Watson, 208 Ala. 319, 94 So. 551.

[8, 9] The fact that plaintiff had been out hunting rabbits with the dogs on the morning before the dog "Bruce" was killed being in evidence, there was no error in admitting evidence from either side as to whether hunting rabbits in the daytime with fox hounds affects their market value. A person having knowledge of the value of dogs of the class may give his judgment upon their val-

ue, upon description given him, although he has no personal knowledge of the dogs.

[10] The question, "What was the dog worth?" when taken with the context and answer showing market value was in mind was free from error.

For error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, and THOMAS, JJ., concur.