203 So.2d 105

**Martin C. WILLIAMS,**

**v.**

**Glenda Calloway POPE.**

**6 Div. 117–A.**

Supreme Court of Alabama.

Oct. 5, 1967.

Arnold Drennen, Robt. S. Vance and Roscoe B. Hogan, Birmingham, for appellee.

Arnold Drennen, Robt. S. Vance and Roscoe B. Hogan, Birmingham, for appellee.

COLEMAN, Justice.

Defendant appeals from judgment for plaintiff in action for personal injury suffered by plaintiff in a collision of the vehicle in which plaintiff was riding with an automobile driven by defendant.

For other cases arising out of this collision see Williams v. Palmer, 277 Ala. 188, 168 So.2d 220, and Williams v. Calloway, 281 Ala. 249, 201 So.2d 506.

Plaintiff was riding as a passenger in a pick-up truck traveling north at an intersection. Defendant was driving his automobile traveling west. The truck entered the intersection on a green light. The light on defendant's side of the intersection was not working properly, the bulb was burned out. If it had been working properly, it would have been red on defendant's side. The truck entered the intersection first. It was traveling at a speed of from 15 to 20 miles per hour. Defendant's speed was over 30 miles per hour, one witness said 40 to 45.

The errors argued are that the court erred in sustaining plaintiff's demurrer to defendant's Pleas 2, 3, 4, 5, and 6.[1]

### Pleas 2, 3, 4, and 5

These four pleas are to effect that plaintiff "negligently caused or negligently allowed," or "negligently caused, allowed or permitted" the vehicle in which she was riding to collide with defendant's automobile, or that she "negligently caused" or "negligently caused, allowed or permitted the driver" of the vehicle, to collide with defendant's automobile.

Defendant says the pleas are sufficient under Rule 37 of the Rules of Practice in Circuit Courts. Plaintiff says the pleas do not sufficiently allege facts which show that plaintiff owed a duty to defendant or plaintiff's breach of that duty.

To support a claim of contributory negligence, the plea must aver facts which raise a duty to defendant imposed on plaintiff by law and a negligent breach of that duty which must be shown by the allegations of the plea to have been a proximate contributing cause of plaintiff's injuries. Walker v. Bowling, 261 Ala. 46, 49, 72 So. 2d 841.

To say that a passenger owes a duty, not to negligently cause the vehicle in which he is riding to collide with another vehicle, is merely to state the law, and to allege that the passenger did negligently cause the vehicle to collide is merely to state as a conclusion that the passenger breached the duty. Such an allegation states little more than that the passenger was negligent, which is the statement of a conclusion, without stating any facts which show that the passenger breached the duty. The allegations of the pleas do not show that the passenger was operating the vehicle or that she is to have imputed to her any negligence of the person who was operating the vehi-

---

[1] "PLEA TWO

"The plaintiff should not recover from the defendant for that at the time and place specified in the complaint the plaintiff negligently caused, allowed or permitted the motor vehicle in which she was riding as a passenger to collide with the automobile which the defendant was operating, and said negligence contributed proximately to cause the injuries and damages of which the plaintiff complains.

"PLEA THREE

"The plaintiff should not have and recover from the defendant for that at the time and place specified in the complaint the plaintiff negligently caused, allowed or permitted the driver of the motor vehicle in which she was riding as a passenger to collide with the automobile which the defendant was operating, and said negligence proximately contributed to cause the injuries and damages of which the plaintiff complains.

"PLEA FOUR

"The plaintiff should not have and recover of the defendant for that at the time and on the occasion specified in the complaint the plaintiff was riding as a passenger in a motor vehicle on a public street, to-wit, Greenbrier Lane, in the City of Mountain Brook, Jefferson County, Alabama, at a place where said Greenbrier Lane intersects with Euclid Avenue, and at said time and place the plaintiff negligently caused or negligently allowed the motor vehicle in which she was riding to collide with an automobile operated by the defendant, and as a proximte consequence of the said negligence of the plaintiff she sustained the injuries and damages of which she complains.

"PLEA FIVE

"The plaintiff should not recover of the defendant for that at the time and on the occasion specified in the complaint

cle. The rule of our cases is that facts must be alleged to show that the passenger owed a duty and breached it. Although the breach may be alleged in general terms that the passenger acted negligently in doing the act of commission or omission which constituted the breach of duty, the allegation must be of facts, and not merely that the passenger was negligent. We are not persuaded that the pleas contain sufficient allegations of facts, as distinguished from conclusions, to show what duty the passenger (plaintiff) owed or that the plaintiff breached such a duty. We think the pleas insufficient for this reason.

There is no evidence, however, or inference based on the evidence, as we understand it, that plaintiff, by any act or failure to act, caused the vehicle in which she was riding, or the driver thereof, to collide with defendant's automobile.

In Alabama Great Southern R. Co. v. Sheffield, 213 Ala. 15, 17, 104 So. 222, defendant filed pleas of contributory negligence to which demurrers were sustained. The action was to recover for negligent killing of a dog. In Plea 5, defendant averred that plaintiff negligently permitted the dog to go on or near the railroad track under circumstances whereby plaintiff knew the dog would likely be injured or killed by the approach of defendant's train when plaintiff could, by reasonable diligence have caused the dog to be extricated from danger. This court said:

> the plaintiff was riding as a passenger in a motor vehicle on a public street, towit, Greenbrief Lane, in the City of Mountain Brook, Jefferson County, Alabama, at a place where said Greenbrier Lane intersects with Euclid Avenue, and at said time and place the plaintiff negligently caused the driver of the motor vehicle in which she was riding or negligently allowed the driver of the vehicle in which she was riding to collide with a automobile operated by the defendant and as a proximate consequence of the said negligence of the plaintiff, she received the injuries and damages of which she now complains.

"The evidence, without conflict, showed plaintiff was not present or within call of the dogs, or either of them, and had no knowledge of their presence on the track. So if any of these pleas should have been held sufficient, it does not appear probable injury resulted to defendant." (213 Ala. at page 17, 104 So. at page 224)

▆ Even if the charge in Pleas 2, 3, 4, and 5 that plaintiff "negligently caused" the vehicle in which she was riding, or its driver, to collide with defendant's automobile, be a good defense to the complaint, nevertheless, it does not appear that probable injury resulted to defendant. Sustaining demurrer to the alternative charge that plaintiff "negligently caused" the collision, if error, was without injury to defendant because, as we understand the case, there is no evidence to support the charge that plaintiff negligently caused the vehicle in which she was riding to collide with defendant's automobile.

If the charge, that plaintiff "negligently caused" the collision be held synonymous with the charge that plaintiff negligently "allowed or permitted" the vehicle in which she was riding to collide with defendant's automobile, (see Louisville & N. R. Co. v. Smith, 163 Ala. 141, 50 So. 241), then sustaining demurrer to the latter charge was also error without injury for the same reason.

On the other hand, if, when construed in the context of the plea and the duty of a

> "PLEA SIX
>
> "The plaintiff should not have and recover of the defendant for that at the time and on the occasion complained of by the plaintiff she negligently failed to exercise due and reasonable care for her own safety while riding as a passenger in an automobile on a public street in Jefferson County, Alabama, towit, at the intersection of Greenbrier Lane and Euclid Avenue, and thereby contributed proximately to cause her own injuries and damages."

passenger in a vehicle (Louisville & N. R. Co. v. Smith, supra), the words "allowed or permitted" are not synonymous with the word "caused," as may well be the case, then the charge that plaintiff negligently allowed or negligently permitted the vehicle to collide with defendant's automobile is demurrable because no facts are alleged to show what duty plaintiff owed defendant or to show what duty plaintiff breached.

It is alleged that plaintiff was a passenger. It is not alleged that she was owner of the vehicle or that the driver was plaintiff's servant or agent or that plaintiff and driver were engaged in a joint enterprise. No facts are alleged to show that plaintiff had the duty or authority to control the actions of the driver or the operation of the vehicle.

The doctrine is well settled in this and most of the other states, as well as by the federal courts, that the contributory negligence of one in charge, or control of, a train, car, or other vehicle, cannot be visited upon a person who is a passenger therein, whether for reward or not, unless the person so riding has charge or control of the vehicle, or over the person driving or operating the same. Birmingham-Tuscaloosa Ry. & Utilities Co. v. Carpenter, 194 Ala. 141, 144, 69 So. 626. Because it is not shown in the pleas that plaintiff had control of the vehicle in which she was riding or the driver of it, plaintiff cannot be charged with any negligence of the driver of the vehicle.

Defendant appears to rely on the rule that a passenger is not absolved from all personal care for his own safety, but is under a duty of exercising reasonable or ordinary care to avoid injury. Walker v. Bowling, 261 Ala. 46, 50, 72 So.2d 841.

Again in Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200, 203, the court said: " * * * The complaint or plea should allege that the alleged duty, specifying it, was negligently breached without the need of specifying the details constituting the breach. Prior to Rule 37, the plea must allege in addition to the above the particular manner in which it was breached. * * *" Crouch v. De Luxe Cab Co., 261 Ala. 239, 241, 73 So.2d 743.

To paraphrase a statement in Crouch v. De Luxe Cab Co., supra, since it is obvious from the foregoing authorities that, under Rule 37, the plea must show an alleged duty, it is appropriate to ask, what is the duty owing by plaintiff to defendant in the instant case? It is to be remembered that the driver's negligence, if any, is not to be imputed to plaintiff. There is a duty on the passenger to exercise due care for her own safety. If, in exercise of common prudence, she ought to have given some warning to the driver of carelessness on his part, which she observed or might have observed, or if she should have made an effort to have the car stopped and get out of it, *a duty arises*.

Do the allegations of the instant pleas state facts which show that a duty on the part of plaintiff had arisen? No facts whatever are alleged to show any circumstance which required plaintiff to warn the driver or make an effort to get out of the vehicle. For aught that appears, the driver of the truck was operating it in a safe and lawful manner. In the aspect charging that plaintiff negligently allowed or permitted the vehicle in which she was riding, or the driver, to collide with defendant's automobile, the pleas are subject to demurrer on the ground that defendant failed to allege facts which showed that any duty had arisen requiring plaintiff to warn or get out or to do or omit to do anything whatever, with respect to the vehicle or the driver.

We are of opinion that defendant has not shown that sustaining the demurrer to Pleas 2, 3, 4, or 5 was error to reverse.

### Plea 6

Plea 6 is to effect that plaintiff ought not to recover because " * * * she negli-

gently failed to exercise due and reasonable care for her own safety while riding as a passenger in an automobile * * * and thereby contributed proximately to cause her own injuries * * *."

Defendant relies on Rule 37 of the Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction which recites in part:

"In pleading contributory negligence no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct or behavior relied on as constituting negligence. * *"

Defendant in support of his Plea 4 says: "We submit that if the complaint states a duty, Plea 4 states a duty." In support of Plea 6, defendant adopts the argument made in support of Plea 4, so he is contending that Plea 6 is good if the complaint is good.

In pertinent part, the complaint recites that: "* * * plaintiff was riding as a passenger in a motor vehicle on a public street * * * and * * * defendant negligently caused or negligently allowed an automobile then being driven by the defendant to collide and run into the motor vehicle in which the plaintiff was * * * riding as a passenger * * * and as a proximate consequence of the defendant's negligence * * *. Plaintiff was injured * * *."

■ Defendant does not attack the sufficiency of the complaint and we assume, but do not decide, that the complaint is good against demurrer. In the complaint, it is alleged that defendant was driving the automobile. Certainly the driver of an automobile on a public street owes a duty to others lawfully on the street, of whom it is alleged plaintiff was one, not to negligently cause or allow the automobile to collide and run into another vehicle lawfully on the street. By the facts alleged,

a duty on defendant is shown and it is alleged that defendant breached the duty in that he "negligently caused or allowed" the automobile to collide with another vehicle. The implication or inference in the complaint is that defendant negligently operated the automobile, which was a breach of the duty which arose from the alleged fact that defendant was driving the automobile on the street.

In Plea 6 it is alleged that plaintiff "* * * negligently failed to exercise due and reasonable care for her own safety while riding as a passenger in an automobile on a public street * * *."

What duty of defendant is shown? What breach of duty is alleged? In Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 576, 119 So. 610, paragraph [4–7], the court said:

"* * * there is no duty upon the guest to anticipate, in the absence of facts imputing knowledge (Birmingham Sou. R. Co. v. Harrison, 203 Ala. 284, 82 So. 534), that the driver of the vehicle in which he is riding will be negligent in operating the car. * * *"

In Plea 6, there is an absence of allegation of facts imputing to plaintiff knowledge that the driver of the vehicle in which plaintiff was riding would be negligent in operating the vehicle. How then does Plea 6 allege facts which impose upon plaintiff the duty to do or not to do any act? We think there is a failure to show that such a duty rested on plaintiff. Plea 6 contains none of the allegations of fact which were made in Plea 3 in Walker v. Bowling, supra, where the dangerous circumstances were shown and Plea 3 was said to be sufficient.

■ The instant Plea 6 is much like Plea 2 which was held bad in Crouch v. De Luxe Cab Co., supra, where the allegations were that "* * * plaintiff * * * was herself guilty of negligence, which proximately contributed to the injury

* * *." We hold the instant Plea 6 subject to demurrer on the ground that defendant failed to allege facts showing a duty owed by the plaintiff to the defendant.

Error not being shown, the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.