## GARRETT et al. vs. HOLLOWAY & MALONE.

1. An endorsement of a note by one of the makers, purporting to transfer it, by written power of attorney, in the name of the payee, must be held to be the act of the payee himself.
2. When the sureties of a principal debtor are sued on a note, their principal is not a competent witness for them without a release.
3. A charge which is partly based on facts of which there is no evidence, is abstract.

Error to the Circuit Court of Cherokee.

Tried before the Hon. Thomas A. Walker.

Assumpsit by Holloway & Malone, as assignees of J. Renneau, against Edward Stiff, William H. Garrett, William Stallings, LaFayette M. Stiff, Jeremiah Murphy, Jesse Martin,

Garrett et al. v. Holloway & Malone.

John L. Senter, and Wade Hampton, on a note for $150, dated 11th of April, 1850, and payable six months after date to J. Renneau or order. The suit was discontinued as to Edward Stiff and Jeremiah Murphy, who were not served with process. The pleas were, *non assumpsit*, want of consideration, failure of consideration, and usury.

On the trial, the plaintiffs offered the note in evidence, and the endorsement thereon, which was in these words : "By written power of attorney, dated April 12th, 1850, I transfer, in the name of J. Renneau, the within note to Messrs. Holloway & Malone, 30th July, 1850"; and was signed by Edward Stiff. The defendants objected to the endorsement as evidence, because it was not, in its legal effect, the endorsement of the payee of the note, and because plaintiffs had not shown, and did not offer to show, Stiff's authority to endorse for the payee; but the court overruled the objection, and allowed the endorsement to be read, and the defendants excepted.

The defendants then introduced one Turrentine as a witness, who testified, that said Edward Stiff had offered to negotiate a note to him, having, as he was informed, the names of some of the defendants to it, and for about the amount of the note offered in evidence, but he did not know that it was the same note, as he had never seen it before the trial ; that said Malone, one of the plaintiffs, afterwards came to him, and inquired whether he knew anything of such a note, and how much he would give for it ; witness replied, that he expected there would be some difficulty in the collection of the note, and that he would not give more than $20 for it ; that Malone then stated that such a note had been offered to him, and that he believed he could get it just cut in two ; that sometime after this witness understood from Holloway that Malone had bought the note, and that he (Holloway) was dissatisfied with it, but witness did not know what plaintiffs gave for the note. Another witness testified, that the note was made in his presence, and that he understood from some of the parties, at the time of its execution, that it was intended to enable Stiff to purchase some printing materials, or to be used for Stiff's benefit, and that the other defendants were his sureties ; that he had heard of a man by the name of the payee, who lived in Georgia, and was a printer ; that the payee was not present when the note was made, and that the

note was left in the possession of the witness for some time, and was afterwards delivered to said Edward Stiff.

The defendants then offered said Stiff as a witness, to which the plaintiffs objected. The court inquired for what purpose he was offered; which the defendants' counsel declined to state, but stated that said Stiff was a competent witness for some purposes; and thereupon the court sustained the objection, and excluded the witness; and the defendants excepted.

This being all the evidence in the cause, the defendants moved to exclude the endorsement from the jury, because no proof had been introduced of Stiff's authority to make the endorsement; but the court overruled the motion, and the defendants excepted.

The defendants asked the court to charge the jury, that, if they believed from the evidence that defendants were sureties on the note, and that it was made to be used in the purchase of printing materials from the payee, and that it was not so used, but was traded to plaintiffs, who had notice of the way in which it was intended to be used, then plaintiffs could not recover; which charge the court refused to give, and the defendants excepted.

The defendants then asked the court to charge, that, if the jury believed from the evidence that defendants were sureties on the note, and that no consideration passed from the payee, and that plaintiffs got it at one half of its nominal value, then they could only recover that amount with interest. This charge the court gave; but added, that, if there was no evidence of what plaintiffs gave for the note but the testimony of the witness Turrentine, that alone was not sufficient evidence that plaintiffs gave only one half of the nominal amount of the note,—that they must look to all the proof on that subject, and must find for the whole amount with interest, unless they were satisfied from all the proof that the note was negotiated for one half, or for some amount less than its nominal value; to which qualification of the charge the defendants excepted.

All the rulings of the court above set forth, to which exceptions were saved, are now assigned for error.

S. F. RICE and J. J. WOODWARD, for plaintiffs in error.
WALKER & MARTIN, *contra*.

GOLDTHWAITE, J.—The note sued on was payable to J. Renneau, or order, and the endorsement was in these words: 'By written power of attorney, dated 12th of April, 1850, I, transfer, in the name of J. Renneau, the within note to Messrs. Holloway & Malone, 30th July, 1850.

(Signed.)                    EDWARD STIFF."

The recital in the endorsement is, in substance, that the transfer was made in the name of the payee, and by his attorney, and is sufficient to show clearly that it was intended as the act of the principal (Grubbs v. Wiley, 9 S. & M. 29); and when that is the case, it must be held as his act, especially when it is not required to be done under seal.—City of Detroit v. Jackson, 1 Doug. Mich. Rep. 106.

There was no error in rejecting the witness, Stiff, under the circumstances. He was the principal in the note, and was offered by the defendants, who were his sureties, without offering to release him.—Richards v. Griffin, 5 Ala. 196; Bondurant v. The State Bank, 7 *ib.* 830.

In relation to the first charge requested, the court committed no error in refusing it. But one witness appears from the record to have testified anything in relation to the consideration; and he states, that he understood from some of the parties, at the time of its execution, that it was made to enable the principal, Stiff, to purchase some printing materials, or to be used for his benefit; and there is no evidence whatever that tended to bring home knowledge of the consideration to the plaintiffs below. The charge, as requested, being based in part upon facts of which there was no evidence, was abstract.

The second charge might properly have been refused for the same reason. The opinion or belief of the plaintiff, that he should be able to obtain the note at one half, was no evidence that he paid but that amount for it; and in the absence of testimony tending to establish that fact, the charge was abstract.

We see no error in the record, and the judgment is affirmed.