(93 South. 814)

**ELMORE et al. v. CUNNINGHAME.** (2 Div. 726.)

(Supreme Court of Alabama. June 15, 1922.)

1. **Appeal and error** ☞781(7)—**Rule that appeal will be dismissed where appellant has subsequently received payment does not apply where appellant could not .recover less than the judgment.**

The rule that an appeal will be dismissed where appellant subsequently receives a sum paid into court by appellee under sanction of the decree does not apply to an appeal by an administrator with the will annexed in a suit against the resigning executor for an accounting, where appellant could not recover less than the judgment.

2. **Executors and administrators** ☞459—**Removal of administration to equity court not ground for delay of executor in filing accounts.**

Under Code 1907, § 2692, requiring an executor to file his accounts within one month after

his resignation, the removal of administration from the probate court to the equity court after the resignation of the executor was not ground for delay in filing his accounts.

3. **Executors and administrators** ☞459—**Prevalence of flu epidemic no excuse for delay of resigning executor in filing accounts.**

Under Code 1907, § 2692, requiring a resigning executor to file his accounts within one month after his resignation, that the World War was in progress, where the executor was not shown to have been absent on that account or the prevalence of the flu epidemic, with which the executor was not shown to have been afflicted, was no excuse for delay in the filing of his accounts.

4. **Executors and administrators** ☞33—**Resignation of executor terminates his authority.**

The resignation of an executor terminates his authority and duty, otherwise than to account, with respect to every executorial function allowed or required by the will.

5. **Executors and administrators** ☞104(4)—**Resigning executor should be charged interest for delay in filing accounts.**

Under Code 1907, § 2692, requiring a resigning executor to file his accounts within one month, the resigning executor should be charged interest on any balance in his hands for delay in filing his accounts within a reasonable time after the one month expires.

6. **Executors and administrators** ☞111(3)—**$500 attorney's fees in defending contest of will held proper.**

$500 for attorney's services rendered by defendant executor in a contest of the will by one of the heirs was a proper allowance.

7. **Executors and administrators** ☞104(1) —**Executor cannot be charged interest on funds received during pendency of contest of will.**

Delay of an executor to proceed with administration or settlement of the estate caused by a contest of the will by an heir does not justify the charging of interest upon funds received by the executor during the pendency of the litigation.

8. **Executors and administrators** ☞506(3) —**Oath of executor that he has not used any estate funds for his own benefit does not conclude the question.**

The exculpatory oath prescribed of an executor by Code 1907, § 2668, subd. 4, that he has not used any estate funds for his own benefit, does not conclude the question.

9. **Executors and administrators** ☞104(3)—**Executor not chargeable with interest on estate funds deposited in bank in which he owns stock.**

Under Code 1907, § 2675, providing that an executor or administrator who uses estate funds for his own benefit is accountable for any benefit made thereon or legal interest, an executor is not chargeable with interest on estate funds deposited in a bank in which he was a stockholder.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Appeal and error ☞721(1)—Rule denying effect of joint assignments of error unless good as to all appellants not applicable where assignments are several.**

The rule denying effect to joint assignments of error, unless good as to all appellants, is not applicable where the assignments of error are several as well as joint.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by Benj. F. Elmore and another against Wm. Cunninghame, as executor of the will of Mary E. Crane, deceased, for the removal of said estate from the probate court to the equity court, and to require settlement and account by said executor. From a decree on final settlement by Cunninghame, complainants appeal. Reversed and remanded.

I. I. Canterbury, of Linden, and Pettus, Fuller & Lapsley, of Selma, for appellants.

Delay in making final settlement, although the administrator makes the exculpatory oath provided by statute, renders him liable for interest from the time he should have settled. 71 Ala. 163; 70 Ala. 607, 45 Am. Rep. 93; 24 C. J. 80; Code 1907, § 2692. Compensation may be refused a representative for failure to file accounts, when ordered by the court. 109 Ala. 117, 19 South. 440; 68 Ala. 135.

Wm. Cunninghame, of Linden, pro se.

A party cannot collect money on a judgment after taking an appeal, and then maintain appeal from the judgment. 18 Ala. 815, 54 Am. Dec. 181; 25 Ala. 485; 45 Ala. 23; 10 Ala. 274; 49 Ala. 140; 49 Ala. 419; 54 Ala. 354; 73 Ala. 406; 128 Ala. 611, 30 South. 582; 137 Ala. 311, 34 South. 229; 186 Ala. 472, 65 South. 338; 205 Ala. 451, 88 So. 447. An executor is not liable for interest, unless he has applied the funds of the estate to his own use, or there has been unreasonable delay in the settlement. Code 1907, § 2675; 124 Ala. 311, 26 South. 955; 199 Ala. 618, 75 South. 165; 70 Ala. 607, 45 Am. Rep. 93; 78 Ala. 73; 24 Ala. 295, 60 Am. Dec. 469; 11 R. C. L. 227. Compensation will not be denied an executor, except in case of willful default or gross negligence, by which the estate has suffered loss. Code 1907, § 2690; 19 Ala. 438; 60 Ala. 468; 9 Ala. 895; 57 Ala. 529.

McCLELLAN, J. This is an appeal by the administrator, etc., with the will annexed, of the estate of Mary E. Crane, deceased, and Emma Pearl Herring from a decree of the circuit court, in equity, upon the accounting of William Cunninghame as executor of the estate of testatrix. The chief questions pressed for review are allowance of commissions to the appellee, of attorney's fees to him for professional services rendered by him, and for disallowing interest on balances in appellee's hands.

The appeal was docketed July 21, 1920, and continued, for what reason does not appear, until April 6, 1922, when submitted on appellee's motion to dismiss the appeal and on the merits.

[1] The ground of the motion to dismiss the appeal taken by the administrator proceeds upon the theory that the administrator waived or forfeited his appeal, subjecting it to dismissal, by subsequently receiving from the register the sum paid into the court by the appellee under sanction of the decree from which the appeal is prosecuted. The doctrine to which the motion's theory is referable has been often stated and illustrated. Shannon v. Mower, 186 Ala. 472, 65 South. 338, citing earlier expressions of the rule. Exceptionally, however, the rule does not apply where the appellant, receiptor of the benefit of the decree or judgment appealed from, could not recover less than the amount of the decree or judgment. McCreeliss v. Hinkle, 17 Ala. 459, 462; Phillips v. Towles, 73 Ala. 406, 410; Whetstone v. McQueen, 137 Ala. 301, 315, 34 South. 229. 3 C. J. pp. 679-681. The present appeal is within the stated exception to the rule; and the motion to dismiss is overruled.

Mrs. Crane died in 1912. In her duly probated will she named appellee her executor. He qualified as such. In 1913 Mrs. Herring contested the validity of the entire will in the court of equity. The executor appealed; and the decree annulling the instrument as a will was reversed. Cunninghame v. Herring, 195 Ala. 469, 70 South. 148. Thereafter Mrs. Herring, only heir at law of the testatrix and beneficiary under the will of Mrs. Crane, and the executor executed a written agreement accepting the validity of the will, wherein the executor engaged to resign and promptly to file his accounts, etc., for final settlement. The resignation was effective October 1, 1917. In January, 1918, the present administrator (with will annexed) qualified as such, and has since continued in that relation and service. In response to citation, consequent upon petition by the administrator, the erstwhile executor filed his accounts and vouchers on September 15, 1919, the administration having been removed into equity on September 1, 1919.

[2] It may be here observed that the erroneous assumption that theretofore removal into equity had been effected neither was nor is of consequence in respect of the erstwhile executor's duty seasonably to file his accounts, etc., for final settlement of his acts in the premises. The executor must, necessarily, be held to know and to have known in what court the administration was pend-

ing during his executorship. Misapprehension in that respect could afford no excuse or justification for tardiness or delay in filing his accounts, etc., for settlement upon his resignation.

[3] Upon the resignation of an executor or administrator, the statute (Code, § 2692) imposes upon him the duty to file his accounts, etc., for settlement "within one month after his authority ceases." The appellee was derelict in his observance of this duty. His accounts and vouchers for settlement should have been filed in the court where the administration was pending by November 1, 1917. The fact that the World War was in progress in Europe afforded no excuse for delay beyond the statutory period; the appellee not being shown to have been absent on that account. Likewise the patriotic activities in which our people voluntarily participated in promotion of the war presented no obstacle to appellee's observance of this statutory requirement. Likewise, the prevalence of the epidemic of "flu," with which appellee was not shown to have been afflicted in October, 1917, furnished no excuse for the appellee's failure to file his accounts, etc., during October, 1917. The law placed upon the resigning executor the initial duty so to file his accounts and vouchers. Neither the exaction nor the observance of this duty is made to depend upon the initiative of any other person or authority.

[4] It is hardly necessary to add that the effectual resignation of the executor on October 1, 1917, terminated his authority and duty (otherwise than to account) with respect to every executorial function allowed or required by Mrs. Crane's will.

[5] As for interest, after the elapsing of a reasonable period for judicial settlement of the account subsequent to November 1, 1917, viz. January 1, 1918, on balances in the hands of the resigning executor (aside from lawfully allowable charges for court costs, attorney's fee on the settlement and commissions for the executor's services), the executor should have been charged with interest at the legal rate on such net balance in his hands from January 1, 1918, to the date of filing his accounts and vouchers, September 15, 1919. Subsequent to that date, viz. September 15, 1919, while the matter of the statement or settlement of his account was pending in the court, interest on any balance in his hands should not be charged against appellee.

[6] The attorney's fee of $500 for attorney's services rendered by the executor on the mentioned contest of the will by Mrs. Herring was a proper allowance. Teague v. Corbitt, 57 Ala. 529, 544; Harris v. Martin, 9 Ala. 895; Clark v. Knox, 70 Ala. 607, 45 Am. Rep. 93. Measured by the rule stated in Harris v. Martin, supra, and reaffirmed in

208 ALA.—2

Teague v. Corbitt, supra, the evidence disclosed just ground justifying the allowance of that sum, which, appellee's account shows, was paid or appropriated by him on January 4, 1917. The allowance to the appellee of $50 as attorney's fee on his settlement is not shown to have been erroneous.

No bad faith appearing to have characterized the appellee's action, actively or inactively, in the administration of the estate. no reason is presented justifying denial to the executor of allowances for the normal commissions authorized by Code, § 2690.

[7] The more difficult of the major questions to be reviewed is whether the executor should have been charged with interest prior to the time his resignation effected—under the terms of Code, § 2692, referred to above, to impose the duty upon him to file his accounts for settlement "within one month" after his authority ceased. Pending the contest of the will instituted by Mrs. Herring, the executor could not safely take any steps to settle the estate; hence delay during the pendency of that litigation, to proceed with administration or to settlement, would not justify the charge of interest upon funds received by the executor. Clark v. Knox, 70 Ala. 607, 620, 45 Am. Rep. 93.

[8] The only theory upon which the exaction of interest on funds in the executor's hands prior to January 1, 1918, could be supported would be that the executor received benefit from the general deposit, to the executor's credit, of the funds in the local banking corporation in which the executor was a stockholder. On examination he declined to state what proportion of the capital stock he held. The executor made the exculpatory oath prescribed in Code, § 2668, subd. 4. This exculpatory oath did not conclude the question whether he used or received any benefit from the funds in his hands. Code, § 2668, subd. 4.

[9] Code, § 2675, provides:

"If any executor or administrator uses any of the funds of the estate for his own benefit, he is accountable for any profit made thereon, or legal interest."

In Johnson v. Holifield, 82 Ala. 123, 124, 130, 2 South. 753, it was held (in 1886) that an executor was not chargeable with interest on funds that he "deposited" with a partnership of which he was a member. The doctrine of that case, weaker in subject-matter than here, is applicable to this; and the court is constrained to accord it controlling effect in exoneration of the appellee from the charge of interest on funds received and deposited in bank prior to January 1, 1918. It should be observed, however, that if the question presented to the court in Johnson v. Holifield, supra—the deposit being with a partnership of which the executor was a

member—was now before this court for original decision, it is exceedingly doubtful whether the view there taken would be acceptable.

The appellee has suggested some questions of practice that will be briefly considered. The assignments of error are indorsed on a sheet of transcript paper that appears to have been bound with the transcript; use tearing the perforations through which the binding tape was inserted. There is no merit in this objection. Rule 1, S. C. Prac. The appeal was taken by the administrator and Mrs. Herring, parties to the cause in the court below. The subject-matter sought to be thus reviewed is a single decree entered by the court on the 9th day of January, 1920. The presence of the existing administrator de bonis non, with will annexed, as a party to the proceeding was necessary. That both these appellants were entitled to appeal from the decree is not debatable. Their right to appeal therefrom was not impaired by the fact that the court ignored the administrator by rendering a money decree in favor directly of Mrs. Herring, the only heir at law and beneficiary under the 11th item of Mrs. Crane's will; and so notwithstanding it appeared that all the debts of the Crane estate had been paid. The administrator, etc., with the will annexed has the duty, under item 1 of the will, to place "suitable monument" over the grave of testatrix; and to defeat the discharge of this duty by decreeing the entire funds directly to the beneficiary under will, Mrs. Herring, was erroneous. Likewise the administrator with the will annexed has a continuing duty to collect the rents and to reserve or appropriate sufficient thereof to perform the duty imposed upon the appellee's successor under the third paragraph of the will. These considerations disclose the rights of both appellants to appeal from the decree.

[10] It appears from the address of the assignments of error that they are made "severally" as well as jointly. No objection to this form of assignment was made in this court. The assertion of error is made severally, distinctly by the two appellants. The assignments being several, the rule that denies effect to joint assignments unless good as to all appellants is not applicable. 3 C. J. pp. 1352–1355, where many of our cases are noted. The Indiana courts appear to have taken a different construction of the severalty of assignment to that stated above. 3 C. J. 1355.

For the error indicated, the decree is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.