61 So.2d 135

LIBERTY MOTORS, Inc. v. HAYNES.

6 Div. 493.

Court of Appeals of Alabama.

Oct. 28, 1952.

Deramus, Hawkins, Fitts & Mullins, Birmingham, for appellant.

Chester Austin, Birmingham, for appellee.

CARR, Presiding Judge.

In the circuit court the plaintiff (appellee) recovered a judgment against the defendant (appellant) on a count of the complaint alleging fraud in the sale of an automobile.

The basis of the alleged fraud is the claim by the appellee that he bargained with the appellant to buy a 1949 model Dodge Custom Club Coupe and was sold instead a 1948 model.

The appellant takes the position by its evidence that the car was, in fact, a 1949 model and therefore there is no fraudulent foundation.

Assignments of error and brief of counsel invite our review of the propriety of the refusal of the general affirmative charge and the action of the court in overruling appellant's motion for a new trial.

Under the scintilla rule we think that the affirmative charge was properly refused. We are clear to the conclusion, however, that the trial judge should have granted the motion for a new trial. This we conclude because the verdict was contrary to the great weight of the evidence.

The car in question was purchased by the appellee on January 12, 1949. The bill of sale indicates that the Dodge was a 1949 model.

The vendor repaired and serviced the automobile on several occasions after the sale. At each of these times the repair bills described the Dodge as a 1948 model.

Some time after the purchase (the date does not appear) appellee received through the mail a typed or printed postcard. This bore the signature of one of the appellant's salesmen. The card contained:

"Would you like to own a New 1951 Dodge 4 Door Sedan for as little as $68.68

per month plus insurance? Of Course You Would!—And you can, providing, of course, that your 1948 Dodge 4 Door is in good condition."

According to the evidence this was a routine advertising or soliciting plan. The cards for this purpose were produced and purchased by the appellant in lots of 50,-000.

In November, 1950 the appellee contacted one of appellant's salesmen for the purpose of a possible trade-in for a new car. On this occasion he was informed by the salesman that he had a 1948 model.

The above undisputed, delineated facts constitute the substance of appellee's evidence relating to the indicated factual issue.

We find that there is no substantial contradiction in the evidence introduced in appellant's behalf.

It appears with a degree of factual accuracy that the uncertainty as to the model of the Dodge arose because the factory issued a 1949 first series model and, later, a 1949 second series model. The sale in question occurred subsequently to the first transition and prior to the second.

In this aspect the staff specialist of the sales department of the factory testified:

"With reference to the car involved in this matter, we did not designate the cars we produced during the postwar period, that is, from 1946 to the early part of 1949, as being models of any particular year. We did not make any model changes during this period. Many states require, for registration purposes, that cars be given a yearly designation. Because of this, we sent out information to these states, telling them that a particular model could be considered for registration purposes, as of a certain year beginning with a specific serial number. Each car carries a serial number on a plate on the door post.

"We advised the dealers by letter of the serial numbers we gave the states for registration purposes.

"The letter we sent to all Dodge dealers stated that Dodge Custom Models manufactured at Detroit beginning with serial number 31201087 may be considered for registration purposes of the 1949 series of Dodge cars."

The evidence establishes that the model of a Dodge automobile is determinable solely by its serial number. This number of the car in question is 31219144.

The staff specialist testified also that for registration purposes the car of the kind of concern began its 1948 model with serial number 31011766 and ended this year model with serial number 31201086. The second series 1949 model began with serial number 37000101.

These facts were confirmed by the National Automobile Dealers Association Red Book, which is used as an authoritative guide by automobile dealers and salesman, and also by license officers of the various counties in the state.

The senior clerk in the license office of Jefferson County, Alabama testified that this guide book contained the notation that the 1949 model Dodge began on December 1, 1948, and his office took this as a basis for issuing licenses on Dodge cars.

According to the evidence there was only a slight difference in the 1948 model and the 1949 first series model—some changes in the upholstering. The sale prices were identical, and the replacement parts were the same.

The appellant's service manager testified that there was no duty imposed on his mechanics to examine or record the serial number of a car that was under repair.

The salesman with whom the appellee talked in regard to a trade-in testified that this was a very brief conversation; that he did not inspect the car, but left the matter of appraisal to a Mr. Stancel.

Under the circumstances incident to the preparation, publication, and mailing of the postcard, we cannot give any factual significance to its reference to a 1948 model.

After a very careful consideration of the record evidence we are forced to the view that after all reasonable presumptions have been given in the verdict's favor it should not be allowed to stand. In our opinion it fails to accord justice.

The citation of authorities to sustain our view is not necessary. The applicable rules

602

are very familiar to the bench and bar. The evidence must control and determine our conclusion, and it would be difficult, if not impossible, to find a case which contains facts similar to the case at bar.

Chief Justice Marshall observed in Ogden v. Saunders, 12 Wheat. 213, 6 L.Ed. 606: "It is a general rule * * * that the positive authority of a decision is co-extensive only with the facts on which it is made."

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.