152 So.2d 421

**James Luther LOCKLEAR, as Adm'r,**

**v.**

**T. R. NASH et al.**

**7 Div. 591.**

Supreme Court of Alabama.
April 11, 1963.

Keener & Keener and Hugh Reed, Jr., Centre, for appellant.

MERRILL, Justice.

This suit arose from a collision between two trucks, each traveling in the same direction on a county highway in Cherokee County. The tendencies of plaintiff's (appellant's) evidence was that his vehicle was traveling in the right lane of traffic, that defendants' truck struck appellant's truck in the rear, thereby causing injuries to appellant's son, who died as the result thereof.

The tendencies of defendants' (appellees') evidence was that appellees' truck was attempting to pass appellant's truck when appellant, without giving a signal, turned left in front of appellees' truck and into its path of travel. Verdict and judgment were for defendants.

Jack Livingston, Centre, and Dortch, Allen & Meighan, Gadsden, for appellees.

Assignment of error 1 is that the court erred in overruling the motion for a new trial. Ground 27 of the motion reads: "For that the Court erred in overruling plaintiff's objections to the defendants' offering of certain portions of a statement allegedly made by Lillie Bradley in the presence of Thomas E. Callin."

During the cross-examination of plaintiff's witness, Lillie Bradley, she was questioned as to some statements she made in the presence of Callin, a court reporter who

took the statements in shorthand, on the day the accident occurred. These statements were in conflict with her testimony on direct examination. The witness first testified that she remembered Callin coming to her store and taking her statement, but as soon as she was asked specifically about any statement, her consistent testimony on cross and re-direct examination was that she did not remember making the statement or "a thing about it."

Appellant argues that the predicates for the questions to the witness Bradley were not laid in substantially the same form as the alleged contradictory statements testified to by Callin when he was called as a witness. We are not directed to any particular question, but are referred to "(Tr. 58 through Tr. 60 and Tr. 104 through Tr. 107)," and to plaintiff's objections "(Tr. 107 through Tr. 112)." This is not specific enough for us to search out every question in the predicate and every statement made by the witness Callin. We list only one question propounded to Mrs. Bradley and one to Callin:

"Q (to Mrs. Bradley) I will ask you if you recall making this statement in response to this question; 'Did it appear that the Chevrolet truck was turned left or pulled off in the opposite lane of travel to make a turn?' Answer, Yes, after he had done crossed over there, the cab had already got, I would say off of the highway before he hit him, I would say the cab was off the highway when he hit the back end of the truck.' Question, 'You say the front half of the Chevrolet truck that Mr. Locklear was driving would have been—'Answer, 'On the dirt road.' Do you recall making that statement?

"A No, I don't.

\* \* \* \* \* \*

"Q (to Callin) I will ask you if Mrs. Bradley made this statement to you 'Yes after he had done crossed over down there the cab had already got— I would say off of the highway before he hit him, I would say the cab was off

of the highway when he hit the back end of the truck.' Question; 'You say the front half of the Chevrolet truck that Mr. Locklear was driving would have been—?' Answer; 'On the dirt road.' Did she say that?

"A Yes sir."

It is evident that the predicate and the statement of the impeaching witness are so near identical or substantially the same as to come within the rule of Bridges v. State, 225 Ala. 81, 142 So. 56, and Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697, which states that to impeach a witness by showing contradictory statements, the statement must be called to his attention in substantially the form as made to the impeaching witness.

Assignment of error 13 charges error in giving charge 33 at the request of appellees, which reads:

"If you are reasonably satisfied from the evidence that plaintiff, James Luther Locklear failed to give continuously a signal of his intention to make a left turn during the last 100 feet before turning, then I charge you that he was guilty of negligence, and if that negligence on his part proximately contributed to the injuries complained of in the complaint, then I charge you that plaintiff is not entitled to recover in this case, and your verdict should be for the defendants."

In brief appellant "contends that the recitals of said charge were abstract and harmful to plaintiff's case, and he submits that this case should be reversed, Lassetter v. King, 249 Ala. 422, 31 So.2d 588." That case holds that a charge that merely has a tendency to mislead the jury does not, if given, present error to reverse; but the giving of a charge which must necessarily have misled the jury is fatal error. We do not consider charge 33 to be so abstract or misleading as to constitute reversible error. The remedy is to request an explanatory charge. Roan v. Smith, 272 Ala. 538, 133

So.2d 224(8); Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298; Dowdell v. Beasley, 17 Ala.App. 100, 82 So. 40, cert. denied Ex parte Beasley, 203 Ala. 696, 82 So. 893.

Moreover, the trial court had charged the jury orally that "if a person is intending to turn to the left in the direction which he is proceeding, he shall give a signal continuously for the last one hundred feet before he reaches the intersection * * *." (Tit. 36, § 17(c), Code 1940, as amended). No exceptions were made to the court's charge, nor were any explanatory charges requested. Also, the plaintiff had testified that he had in mind to turn to the left and that he did not give any signal to indicate that intention. No reversible error is presented by the giving of charge 33.

■ Assignment 14 charges error in the giving of defendants' written charge 15, which reads:

"If plaintiff, James Luther Locklear, was guilty of negligence in the least degree which proximately contributed to Jimmy Dale Locklear's injury, then plaintiff cannot recover in this case, and your verdict should be for the defendants."

It is obvious that the charge is faulty because it is not hypothesized on a finding "from the evidence," and appellant attacks it on this ground.

■ It is the established rule in this state that it is not reversible error either to give or to refuse a charge which fails to hypothesize the jury's belief (in criminal cases) or reasonable satisfaction (in civil cases) "from the evidence." Johnson v. State, 257 Ala. 644, 60 So.2d 818; Bahakel v. Great Southern Trucking Co., 249 Ala. 363, 31 So.2d 75; Hall v. Posey, 79 Ala. 84.

Appellant argues that the court should have granted the motion for a new trial based upon ground 3 of the motion for a new trial, which was that the "verdict of the jury is contrary to the preponderance of the evidence."

■ A verdict is not to be set aside merely because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Tallapoosa County v. Holley, 268 Ala. 67, 104 So.2d 834; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Huckaba v. Hill, 209 Ala. 466, 96 So. 569.

Finally, appellant argues that the motion for a new trial should have been granted on ground 50, which says that the "verdict of the jury was the result of an error in refusing to give proper credibility to the testimony of the witness, Lillie Bradley."

■■ The evidence was in conflict. It is the jury's prerogative to believe, or not believe, the witnesses. McGehee v. Frost, 268 Ala. 23, 104 So.2d 905. The testimony of the witness was in conflict with other testimony before the jury, and it was the duty of the jury to decide what evidence it would believe.

Moreover, we have read Lillie Bradley's testimony. She was in her store about one quarter of a mile from the place where the collision occurred. She testified that she did not see plaintiff's truck when it was hit. It is possible for the jury to have believed every material fact to which the witness testified on direct examination, and still have found for the defendants on the basis of the testimony of eye witnesses and the highway patrolman. This assignment of error is without merit.

It is unnecessary to consider appellees' motion to dismiss the appeal.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.