254 So.2d 420

Wanda Gale **COULTER**

v.

Ruby G. **HOLDER.**

Billy Austin **COULTER**

v.

Ruby G. **HOLDER.**

8 Div. 402, 402–A.

Supreme Court of Alabama.

Nov. 11, 1971.

Ford, Caldwell, Ford & Payne, and Robert L. Hodges, Huntsville, for appellants.

**644**

Watts, Salmon, Roberts & Stephens, Huntsville,.for appellee.

LAWSON, Justice.

On October 23, 1966, Wanda Coulter, then a minor, was riding as a passenger in an automobile being driven by Larry Patterson on Highway 87 in Madison County when it collided with an automobile being driven by Mrs. Ruby G. Holder.

There were two other passengers in the Patterson automobile, Brenda Coulter, Wanda's twin sister, and Larry Preston. .

Wanda Coulter, suing as a minor through her father and next friend, filed a suit against Mrs. Holder to recover for personal injuries. Billy Austin Coulter, the father of Wanda and Brenda, filed suit against Mrs. Holder claiming damages for medical expenses incurred in behalf of his daughters and for loss of their services, companionship and society.

The complaint in each case contained a single count charging the defendant, Mrs. Holder, with negligence. In each case Mrs. Holder pleaded: " * * * in short by consent the general issue, with leave to give in evidence any matter which if well pleaded would be admissible in defense of the action, to have effect as if so pleaded." Issue was joined on said pleas and, by agreement, the two cases were consolidated for trial.

There was a jury verdict in favor of the defendant in each case. Judgments were rendered in accordance with the verdicts.

After their separate motions for a new trial were overruled, each of the plaintiffs on April 29, 1970, appealed to this court. The two appeals were submitted here on one record on April 27, 1971, without an order of consolidation.

[1] The appeal of Billy Austin Coulter should have been taken to the Court of Civil Appeals since the "amount involved, exclusive of interests and costs," does not exceed $10,000. Act 987, approved September 12, 1969, Acts of Alabama 1969–70, Vol. II, p. 1744. The order submitting the appeal of Billy Austin Coulter to this court is vacated. The transcript of the record will be transferred by the Clerk of this court to the Court of Civil Appeals after disposition has been finally made by this court of the appeal taken by Wanda Coulter. This procedure is in accordance with the action taken by this court on July 14, 1971, in 6 Div. 851, Ruby B. Hamner v. Mutual of Omaha Insurance Company, a Corporation. See Supreme Court of Alabama Minute Book 122 at p. 322.

It appears from the address of the assignments of error that they were made "separately and severally," hence the rule that denies effect to joint assignments unless good as to all appellants would not be applicable even if there was more than one appellant in this court. See Elmore v. Cunninghame, 208 Ala. 15, 93 So. 814.

By an appropriate assignment of error, the appellant in this court, Wanda Coulter, asserts that the trial court erred in giving at the request of the defendant below her written Charge Number Twelve, which reads:

"The Court charges the jury that if you are reasonably satisfied that the automobile in which the plaintiff, Wanda Gale Coulter, was riding as a guest was being operated by Larry Patterson in a negligent manner and at an excessive and reckless rate of speed, and that the plaintiff knew it was being so operated and that she had knowledge that so to drive was attended with great danger and that she negligently remained in the automobile without making any remonstrances and that as a proximate result of Larry Patterson's negligent operation of the vehicle and the plaintiff's negligence in thus riding in the automobile she received the injuries complained of, then you cannot return a verdict against the defendant."

Defendant's written Charge Number Twelve could have been refused without error in that it is not hypothesized on a finding "from the evidence." But we will not reverse for the giving of that charge if such is its only defect. In Locklear v. Nash, 275 Ala. 95, 152 So.2d 421, it was said:

"It is the established rule in this state that it is not reversible error either to give or to refuse a charge which fails to hypothesize the jury's belief (in criminal cases) or reasonable satisfaction (in civil cases) 'from the evidence.' * * *" (275 Ala., 98, 152 So.2d 423)

Patterson's negligence, if any, could not be imputed to Wanda Coulter, his guest passenger, as there is no proof that Wanda had any authority over the car's movement in any manner. Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530, and cases cited; Williams v. Pope, 281 Ala. 382, 203 So.2d 105.

But one riding in an automobile driven by another, even though not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury. Walker v. Bowling, 261 Ala. 46, 72 So.2d 841; King v. Brindley, 255 Ala. 425, 51 So.2d 870, and cases cited.

The trial court in its oral charge correctly instructed the jury as to the general

**646**

principles alluded to in the last two preceding paragraphs.

But written Charge Number Twelve, given at the request of the defendant, is couched in different language and appellant says, in effect, that the trial court erred to reversal in giving that charge in that it is abstract because it is hypothesized on the jury's being reasonably satisfied that certain facts existed when the evidence adduced did not even warrant a reasonable inference of the existence of those facts.

■ An instruction based partly or entirely on a state of facts not appearing in the evidence has been held to be abstract. Humphrey v. Boschung (Ex parte Boschung and Garrison), 287 Ala. 600, 253 So.2d 769; Pappas v. Alabama Power Co., 270 Ala. 472, 119 So.2d 899; State v. Ingalls, 277 Ala. 562, 173 So.2d 104; Allen v. Hamilton, 109 Ala. 634, 10 So. 903; Garrett v. Holloway, 24 Ala. 376.

■ We have said that the giving of an abstract charge, one hypothesized on facts which had no support in the evidence, does not constitute reversible error unless it appears from the whole record that the charge did in fact mislead the jury to the appellant's prejudice. Ex parte Boschung and Garrison, *supra*; Locklear v. Nash, *supra*; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23.

But reversals have resulted where this court has determined from an examination of the record that the jury was misled because of the giving of such an abstract charge. Herring, Farrell & Sherman v. Skaggs, 73 Ala. 446; Beck v. State, 80 Ala. 1; Goldsmith v. State, 86 Ala. 55, 5 So. 480; Goldsmith & Davis v. McCafferty, 101 Ala. 663, 15 So. 244. See Lasseter v. King, 249 Ala. 422, 31 So.2d 588. In the *Skaggs* case, *supra*, it was said:

" * * * The instructions to the jury upon this point may state a correct legal proposition, but they are without evidence to support them; they are ab-

stract. It is a rule of this court, that an abstract charge, asserting a correct proposition of law, is not an error for which a judgment will be reversed, unless we are reasonably convinced that it must have misled the jury. (Authorities cited) There can be no doubt that the jury were misled by the instruction to which we have referred; the verdict is convincing.

"The judgment is reversed and the cause remanded." (73 Ala., 455–456)

■■ We have reviewed the transcript of the evidence with care and are constrained to the conclusion that the evidence, when construed in the light most favorable to the defendant, appellee, does not support a reasonable inference that Wanda Coulter knew the Patterson automobile was being operated "in a negligent manner and at an excessive and reckless rate of speed," or that Wanda "had knowledge that so to drive was attended with great danger" or that she *negligently* "remained in the automobile without making any remonstrances" or that as a proximate result of Wanda's "negligence in thus riding in the automobile she received the injuries complained of, * * *."

In those respects Charge Twelve was abstract and, therefore, should not have been given. We have come to this conclusion fully aware of our holdings to the effect that an instruction is not subject to the objection that it is abstract when there is any evidence, however slight, on which to predicate it. Alabama Produce Co. v. Smith, 224 Ala. 688, 141 So. 674; Knowles v. Ogletree, 96 Ala. 555, 12 So. 397; Hair v. Little, 28 Ala. 236; Bradford v. Marbury, 12 Ala. 520.

We are also aware of the fact that several witnesses were examined in regard to points on pictures and drawings and these witnesses gave evidence which the jury could comprehend, but which we cannot because we do not have the pointing finger to designate the particular spot or point on

the picture or drawing intended by the witness. But the evidence so adduced related to the claim of negligence of the defendant or the assertion of contributory negligence on the part of Larry Patterson. It could shed no light on Wanda Coulter's conduct. Cf. Christian v. Reed, 265 Ala. 533, 92 So.2d 881.

It has been pointed out by this court that inference, in legal parlance, as respects evidence, is a very different matter from supposition. The former is a deduction from proven facts, while the latter requires no such premise for its justification. Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414.

We see no occasion to delineate the evidence as it relates to the negligence, if any, of the defendant. For present purposes we will concede that there was evidence, although almost incredible, to the effect that immediately prior to the collision the Patterson automobile was traveling at a speed of from seventy-five to eighty miles an hour. This testimony was given by Stacy White, who was a passenger in the defendant's automobile at the time of the collision, and by the defendant. White based his estimate of the speed of the Patterson automobile as he viewed that automobile through the rear window of the defendant's automobile and his view was for only a few seconds. The defendant's testimony was even more remarkable. Her estimate of the speed was based on a glance which she made into her rear view mirror just a few seconds prior to the impact.

There is some evidence tending to show that there were a few residences near the intersection where the collision occurred.

There is no evidence, in our opinion, which supports an inference that the plaintiff, Wanda Coulter, was aware of the fact that the automobile was proceeding at a rate of approximately seventy-five to eighty miles an hour. It is not shown that she looked at the speedometer and, further-more, it is not shown that she had ever driven an automobile. As shown above, she had not reached the age where she could obtain a driver's license in this state. Furthermore, the evidence does not support a reasonable inference to the effect that Wanda Coulter had knowledge that the manner in which Larry Patterson was driving his automobile was attended with great danger and there is no evidence to support a reasonable inference that she "negligently" remained in the Patterson automobile.

The collision occurred shortly after the defendant drove her automobile from School Street, which runs north and south, into Highway 87 which, as we have heretofore shown, runs east and west. It occurred within a few seconds after the defendant's automobile was driven in a westerly direction on Highway 87. It is without dispute in the evidence that Larry Patterson, whose car was moving in a westerly direction on Highway 87, could not have seen the defendant's automobile until he was between 100 and 130 yards east of the intersection. There is no evidence that Wanda Coulter ever saw the defendant's automobile or that if she had seen it when it first entered Highway 87, any remonstrance or other conduct on her part could have prevented the collision.

Wanda Coulter was not asleep and was not riding in an automobile of the kind involved in the case of McDermott v. Sibert, 218 Ala. 670, 119 So. 681. Patterson was not drunk or drinking as far as the evidence shows, nor was his automobile overloaded. McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508.

There is nothing in this case tending to show circumstances from which it can be reasonably inferred that Wanda Coulter should have anticipated that Patterson would enter a sphere of danger or omit to exercise due care. King v. Brindley, 255 Ala. 425, 51 So.2d 870. We hold, as indicated above, there is no evidence or reasonable inference which could be based

**648**

on the evidence, as we understand it, that Wanda Coulter by any act or failure to act caused the automobile in which she was riding, or the driver thereof, to collide with defendant's automobile. Williams v. Pope, 281 Ala. 382, 203 So.2d 105; Bradford v. Carson, 223 Ala. 594, 137 So. 426.

We think the record shows beyond peradventure that Charge Twelve, given at the request of the defendant, did in fact mislead the jury to the prejudice of the plaintiff, Wanda Coulter. Ex parte Boschung and Garrison, *supra*. When the jury returned to the courtroom to announce its verdict, a juror stated: "I would like to make a statement before I tell what the verdict is. We unanimously agreed that there was negligence on the part of all parties, so we have agreed that we, the Jury, find in favor of the Defendant."

Appellee, the defendant below, filed a motion containing grounds to (1) strike the transcript of the evidence; (2) strike the transcript; (3) strike appellant's brief; and (4) dismiss the appeal.

■ The appeal was taken within six months from the judgment of the trial court denying the motion for a new trial. The motion for a new trial had been timely filed and the hearing thereon duly continued from time to time until the date on which the trial court finally overruled said motion. Consequently, the appeal was timely filed and the motion to dismiss the appeal is denied. T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706.

The other grounds of the motion not raising jurisdictional grounds will not be considered in that appellee has made no reference in her brief to the motion or to any ground thereof.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.