PER CURIAM.
These four appeals by plaintiffs, Gladys Nance, Lorene Scott McKinney, Mary Jones and James D. Jones, are from judgments in favor of defendant, Todd Anthony Jones, in three personal injury actions and one loss of consortium action, all consolidated for trial. We reverse and remand.

Issue

Did the trial Court err to reversal in this case by giving a charge concerning imputation of an automobile driver’s negligence to the passengers in that automobile?

Facts

Plaintiffs Gladys Nance, Lorene McKinney and Mary Jones are women who were passengers in an automobile driven by Paul T. Jones which was struck by an automobile driven by Defendant Todd Jones. All three women sustained personal injuries. The other Plaintiff, James Jones, is the husband of Mary Jones. The three passengers filed actions for damages for injuries incurred in the collision, alleging their injuries were proximately caused by Todd Jones’s negligent operation of his automobile. James Jones’s action against Todd is for loss of services and consortium.
The collision occurred in the roadway on Grubbs Street in the city of Enterprise, *622 referred to as “thrill hill.” At the time, the women passengers were in an automobile stopped on the wrong side of the road in order for Lorene McKinney to disembark. While stopped, that automobile was struck by an automobile driven by Todd Jones. The evidence indicates that, at the time of the collision, there was insufficient space for Todd to swerve around the other automobile. The evidence discloses that, because it was raining at the time, there were no skid marks on the road.
Paul Jones testified he took the passenger Plaintiffs to and from work each day and they shared gasoline expenses with him. He further testified: He was in the process of taking the women home when the accident occurred; he had stopped on the wrong side of the road because he had to allow Lorene McKinney to disembark; and there were already three cars parked in front of her house. He also admitted that Todd Jones’s car could not have passed his, Paul’s, car.
The evidence is in conflict regarding the speed Todd Jones’s automobile was traveling immediately before the impact. Because no skid marks were left on the road, the investigating police officer could not give an estimate regarding the speed. It is important to note that the vehicle occupied by the women plaintiffs was parked or stopped at the bottom of a steep hill and Todd could not have seen Paul Jones’s vehicle until he reached the top of that hill, approximately 215 feet from Paul’s car. In any event, Todd and a passenger in his car testified that they were traveling at approximately thirty miles per hour when they saw the automobile driven by Paul Jones. Paul Jones, however, testified he estimated Todd’s automobile was going fifty miles per hour when it topped the hill. One of the plaintiffs also estimated that Todd’s car was going fifty miles per hour when it topped the hill; however, she had estimated forty miles per hour when deposed before trial.
The evidence discloses that Todd applied his brakes when he reached the top of the hill. There was also evidence that Todd did not try to jump the curb of the road to avoid the collision because certain trees were located in close proximity to the road.
All four cases were submitted to the jury. It returned a verdict for the defendant in each case. Plaintiffs filed motions for new trial which were denied. These appeals followed.

Decision

The only contention urged by plaintiffs which has merit concerns the following written instruction given the jury:
“Now, ladies and gentlemen, a person riding in an automobile driven by another, even though not chargeable with the driver’s negligence, is not absolved for all care for his or her own safety, but is under the duty to exercise reasonable or ordinary care to avoid injury. To create the imputation of negligence of the driver to a passenger of an automobile, that passenger must have assumed control and direction of the vehicle or must have some right to a voice in the control, management, or direction of the vehicle.” (Emphasis added.)
Plaintiffs argue that it was error to give this instruction. We agree that the charge should not have been given in this case. While the instruction is a correct abstract statement of the imputation of negligence rule,[1] there was no evidence here that indicates any of the passengers in the car being driven by Paul Jones had any right to a voice in the control, management or direction of the vehicle, nor was there any evidence indicating any of the passengers had assumed control. An instruction based partly or entirely on a state of facts not appearing in the evidence has been held to be abstract. Coulter v. Holder, 287 Ala. 642, 254 So.2d 420 (1971).
*623 Reversal, however, insists the Appellee, does not result from the giving of an abstract charge unless it appears from the whole record that the charge did in fact mislead the jury to Appellant’s prejudice. This is a correct statement of the applicable harmless error rule. Coulter, supra. In the current posture of this case, the issue may be rephrased as follows: Was there sufficient evidence to support a jury verdict favorable to Plaintiffs, and would the verdict have survived a motion for new trial?
Our careful review of the entire record does not convince us that the trial Court erred in submitting the case to the jury; nor can we say that a plaintiff’s verdict based upon the evidence of record would not have withstood a motion for a new trial. In other words, a jury issue is presented by the evidence; and, thus, we are unable to conclude, as a matter of law, that the giving of an abstract, inappropriate charge was harmless error.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, MADDOX, JONES, ALMON and SHORES, JJ., concur.
EMBRY, J., dissents with opinion.
FAULKNER and BEATTY, JJ., concur with EMBRY, J.

. See, Gardner v. Dorsey, 331 So.2d 634 (Ala.1976); Williams v. Pope, 281 Ala. 382, 203 So.2d 105 (1967); Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 (1951); Whiddon v. Malone, 220 Ala. 220, 124 So. 516 (1929); and Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49 (1924).