EMBRY, Justice
(dissenting):
I respectfully dissent. An instruction based partly or entirely on a state of facts not appearing in the evidence has been held to be abstract. Coulter v. Holder, 287 Ala. 642, 254 So.2d 420 (1971). Reversal, however, does not result from the giving of an abstract charge unless it appears from the whole record that the charge did in fact mislead the jury to appellants’ prejudice. Coulter, supra. It does not so appear from the record in this case, in my opinion.
After close scrutiny of the entire record, I have determined that the jury was not misled by the abstract charge; therefore, the plaintiffs were not prejudiced and any error resulting was harmless. See Rule 61, ARCP; Rule 45, ARAP. In fact, close scrutiny of the record indicates, that, although there was a scintilla of evidence to allow the case to go to the jury, there was insufficient evidence to support a jury verdict favorable to plaintiffs and the verdict would not have survived a motion for new trial. See Liberty Motors v. Haynes, 36 Ala.App. 600, 61 So.2d 135 (1952); Koonce v. Craft, 234 Ala. 278, 174 So. 478 (1937). This being the case, the judgment below is due to be affirmed.
FAULKNER, J., concurs.
BEATTY, J., concurs in the result.