At approximately dusk on the clear evening of November 13, 1987, Robert Wright and his wife Phyllis Wright were riding in their van along the northbound lane of Highway 195 in Walker County, a two-lane road. Randall Terry, driving a pulpwood truck, was also in the northbound lane, ahead of the Wrights' van. Terry had paused to allow traffic to pass before turning left into a driveway. Mr. Wright, who was driving, first saw the truck when his van was approximately 100 yards away from the truck, but at first believed that the truck was still moving. However, when Mr. Wright neared the truck and saw that the truck was not moving, he hurriedly applied his brakes. Mr. Wright was unable to stop, and the Wrights' van crashed into the rear of the truck. Phyllis Wright was injured in the collision.
Mrs. Wright sued Terry Logging Company, which owned the truck, and Randall Terry and Ray Terry, who were partners in Terry Logging Company, alleging negligence, wantonness, and negligent entrustment. Mrs. Wright tried the case before a jury on only the negligence and wantonness claims against Randall Terry and Terry Logging Company. The jury returned a verdict for Randall Terry. On motion of the defendants, the judgment was amended to show a verdict in favor of Terry and Terry Logging Company. The trial court denied Mrs. Wright's motion for a new trial, and Mrs. Wright appealed. While this appeal was pending, Mrs. Wright died; on March 8, 1994, Robert Wright, as the administrator of Mrs. Wright's estate, was substituted as the appellant.
The dispositive issue on appeal is whether the trial court correctly denied Mrs. Wright's *Page 13 
motion for a new trial after the jury had returned its verdict against her.
A jury's verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust.Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160, 162
(Ala. 1988). In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). This Court must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. State Farm Auto.Ins. Co. v. Morris, 612 So.2d 440, 443 (Ala. 1993). In short, in reviewing a judgment based upon a jury verdict, this Court must review the record in a light most favorable to the appellee.Continental Cas. Ins. Co. v. McDonald, 567 So.2d 1208, 1211
(Ala. 1990).
At trial, Mr. Wright testified that there were no brake lights or turn signals visible on Terry's truck when his van collided with the truck. However, several witnesses to the accident said they recalled having seen Terry's brake lights on; witnesses also stated that Terry's left turn signal was blinking both before and after the accident. The state trooper who investigated the accident testified that he found no defects on Terry's truck that would have contributed to the accident. The state trooper concluded that the accident was caused by a failure on Mr. Wright's part to correctly assess his stopping distance and that Terry did nothing to contribute to the cause of the accident.
We hold that the evidence was sufficient to support the jury's verdict in favor of Terry. The trial court was presented with conflicting evidence as to whether the truck lights were on before the accident, and it properly submitted the case to the jury. The jury could have reasonably inferred from the evidence that Mr. Wright simply underestimated the distance between his van and Terry's truck and that his mistake caused him to apply his brakes too late to avoid the accident. The jury could have reasonably found from the evidence before it that Terry operated his truck in a safe and prudent manner and did not proximately cause Mrs. Wright's injuries. Having concluded that the jury's finding was not clearly wrong or unjust, given the evidence presented, we will now review Mr. Wright's assertions of error.
Mr. Wright first argues that the trial court erred in failing to grant a mistrial after the mother of Randall Terry spoke to a veniremember at a lunch break during voir dire examination of potential jurors. Terry's defense attorneys alerted the trial court to the conversation, following the lunch break. Upon questioning by the trial court, the veniremember stated the following:
 "She came over to my table and she said that she knew that Randy was innocent and that he was the best driver they had. And that if it had been [Randall Terry's brother] Donnie, she would have expected it. I believe that's just about exactly what she said."
Mrs. Terry then stated the following to the trial court:
 "I spoke to [the veniremember] and said, 'You are out of it, probably.' I think he said 'Yes.' I said, 'Well, I just tell you, Randy was a good driver.' I did say that. I said he was dependable and a good driver, and if it had been my baby boy, Donnie, I couldn't have said that. I can't say that about him. I said, 'I talked to Marie at the scene of the wreck and his wife, and I told her . . . "I just hate it. That truck was lit up like a Christmas tree. It looks like he would have seen it." ' That is all I said.
". . . .
 ". . . I'm sorry I said anything. I didn't even think. I just didn't think. I didn't mean a thing."
The record indicates that the veniremember was sitting alone when Mrs. Terry spoke to him. The trial court dismissed the veniremember with whom Mrs. Terry spoke. Further, although certain other veniremembers had also eaten lunch at the same restaurant, upon being questioned all of them stated that they had not heard Mrs. Terry's comments. Only one veniremember that ate lunch at that restaurant on that day served on the *Page 14 
jury, and she also testified that she heard nothing of the conversation.
The trial court is vested with wide discretion in determining whether incidents that occur at trial affect the right of either party to a fair trial. Valley Bldg. Supply, Inc. v.Lombus, 590 So.2d 142 (Ala. 1991). This Court will not reverse a trial court's ruling on a motion for a mistrial unless it is absolutely clear that its discretion has been abused.Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313 (Ala. 1992).
We cannot hold that the trial court abused its discretion in denying Mrs. Wright's motion for a mistrial. No evidence indicated that either party was prejudiced by Mrs. Terry's remarks. Mrs. Terry's statements to the trial court after the incident demonstrate that she did not speak to the veniremember in an attempt to prejudice her son's trial. As noted above, the conversation was not heard by the only veniremember who was present when the conversation occurred and who then served on the jury. While making its inquiry into her knowledge of the lunch break conversation, the trial court took careful steps to assure that that veniremember did not know of the specific topic of that conversation. These circumstances indicate that the trial court did not err in denying Mrs. Wright's motion for a mistrial.
Mr. Wright next contends that the trial court erred in giving a jury instruction on the "rules of the road" concerning speed. He argues that the instruction was misleading. The trial court's instruction stated, in part:
 "No person shall drive a vehicle at a speed greater than is reasonable and prudent. . . .
". . . .
 ". . . [N]o person shall drive a vehicle at a speed in excess of [the] maximum [speed] limit. No person shall operate a motor vehicle on the highways in this state other than interstate highways at a speed in excess of fifty-five miles per hour. . . ."
Upon Mrs. Wright's request, the trial court later instructed the jury that the instruction was "relevant in this case as to causation only. Not as negligence, but as to causation . . . only."
While a jury instruction may be refused if it is abstract, an instruction is clearly not objectionable where there is evidence to support the instruction. This is true even where there is only a slight amount of evidence to support the instruction. Coulter v. Holder, 287 Ala. 642, 254 So.2d 420
(1971); Johnny Spradlin Auto Parts, Inc. v. Cochran,568 So.2d 738 (Ala. 1990).
Mr. Wright testified that he was driving his van at approximately 50 miles per hour when he began to brake. However, Terry testified that his truck moved forward 5 to 10 feet when it was hit by Mr. Wright's van. The van was severely damaged in the collision. The trial court did not err in instructing the jury as to the speed and the rules of the road, because there was evidence before the jury to support that charge regarding causation.
Mr. Wright next argues that the trial court erred in directing a verdict on Mrs. Wright's wantonness claim and by refusing to instruct the jury as to wantonness.
Wantonness occurs where a person intends to inflict an injury to another; it also occurs where one acts, or fails to act, with a knowledge and consciousness that his action or failure to act will likely result in injury to another. Lynn StricklandSales Service, Inc. v. Aero-Lane Fabricators, Inc.,510 So.2d 142 (Ala. 1987); Sington v. Birmingham Ry., Light Power Co.,200 Ala. 282, 76 So. 48 (1917).
The evidence before the jury did not indicate that Terry acted or failed to act in any wanton manner in regard to the accident. The trial court did not err, therefore, in directing a verdict on the wantonness claim and refusing to instruct the jury on wantonness.
Last, Mr. Wright contends that the verdict form submitted to the jury was flawed, in that it referred only to Terry, and not to the codefendant Terry Logging Company.
The trial court did not err in amending the judgment. The following conversation occurred *Page 15 
between the trial court and Mrs. Wright's attorney:
 "MR. IVEY (Mrs. Wright's attorney): The plaintiff respectfully objects to the Court's instruction to the jury in reference to both defendants being one.
 "THE COURT: We had a stipulation on it. You weren't here.
 "MR. IVEY: I object to that. They may be one, and a verdict against one is a verdict against the other. If you tell them that, I won't object, if you will tell them. What you told them in all due respect, there is really only one defendant. . . .
". . . .
 "THE COURT: I will be glad to correct it that a verdict against one is a verdict against the other.
 "MR. IVEY: I believe the jury is due to be instructed that a verdict against one defendant is a verdict against the other. It is very clear that there are, in fact, two defendants.
 "THE COURT: I told them that, but I will do that. . . .
"MR. IVEY: I will withdraw in the face of that."
The trial court later instructed the jury:
 "Let me correct a charge. One is, I think I used the term in essence there is only one defendant. Now, that's not exactly correct. There are two defendants. Mr. Randy Terry and Terry Logging. A verdict against one is a verdict against both is a correct statement."
Mrs. Wright's attorney indicated his satisfaction with the trial court's instruction, as noted above. Mrs. Wright did not object to the verdict form before the jury was discharged. The judgment for Terry was amended to include Terry Logging Company; the amendment coincides with the trial court's instruction to the jury. We see no error under these circumstances. See Norman Properties v. Bozeman, 557 So.2d 1265
(Ala. 1990).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.